### Nick Breiling, Plaintiff in Error, v. Alois Hybl, Defendant in Error.

### Gen. No. 16,077.

CONTRACTS—*when deemed executed.* A contract executed by the parties to be bound, and delivered, without any condition annexed, is binding, notwithstanding a third party is named in such contract who has not signed the same.

Error to the Municipal Court of Chicago; the HON. McKENZIE CLELAND, Judge, presiding. Heard in this court at the March term, 1910. Reversed and judgment here. Opinion filed February 5, 1912.

T. WEBSTER BROWN, for plaintiff in error; EDWARD H. MORRIS, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The defendant in error, Alois Hybl, on July 3, 1909, executed a contract for the exchange of certain real estate with Nick Breiling, the plaintiff in error herein.

The contract, so far as it is material to this controversy, is as follows:

"This agreement made and entered into this 3rd day of July in the year of our Lord one thousand nine hundred and nine at Chicago, Illinois, by and between Alois Hybl *and Maria Hybl, his wife,* * * * party of the first part, and Nick Breiling and Maria Breiling, * * * party of the second part,

"WITNESSETH: That the party of the first part for and in consideration of the covenants and agreements hereinafter specified * * * the said party of the first part doth hereby agree to convey or cause to be conveyed to Nick Breiling and Maria Breiling, the said party of the second parties heirs or assigns by warranty deed from Alois Hybl and Maria Hybl, his wife, the following described property. * * * The south east quarter of Section Twenty-seven, Township Seventeen North, Range Three East * * * with improvements. * *

"And the said part of the second part * * * doth agree to convey or cause to be conveyed to Alois Hybl and Maria Hybl * * * by warranty deed from Nick Breiling and Maria Breiling" (certain property in Chicago). * * *

"It is hereby further mutually agreed and understood by and between the parties hereto and as part of the consideration of this agreement, that each party hereto is to provide for the use of the other within ten days from the date hereof proper abstracts of title to the property hereby agreed by them to be conveyed, or caused to be conveyed, showing good and sufficient title to the same in the grantors herein mentioned.
* * * *Provided, however, that the party hereto failing or refusing to carry out this contract shall pay unto the other party thereto the sum of two hundred dollars as liquidated damages for said other party's expenses and costs in and about the carrying on of the negotiations herein for the exchange of said property herein described.*
    *    *    *    *    *    *    *    *    *

In witness whereof the said parties hereto have hereunto set their hands and seals the day and year first above mentioned.

Alois Hybl        (SEAL)
Nick Breiling        (SEAL)

Witnessed by
    Fred P. Dengler,
    Fred Wm. Dulfer."
                (The italics are ours.)
Alois Hybl and Maria Hybl, his wife, owned each

an undivided one-half of the property that Alois Hybl by this contract agreed should be conveyed. Maria Hybl took no part in the negotiations preceding the contract and was not present when it was signed, and afterwards refused to join in it or to execute any conveyance. Breiling was ready, able and willing to carry out the contract on his part, but Hybl on account of his wife's position was unable to do so. Breiling then brought suit against Alois Hybl in the Municipal Court for damages for the breach. The suit was tried without a jury, and the court gave a judgment of *nil capiat* and for costs against Hybl and in favor of Breiling, holding as the law applicable to the issues the following:

"Maria Hybl, who was the other person named in the body of the instrument as the other party to the party of the first part, failed to sign said contract, and for that reason same was incomplete and could not be enforced."

Breiling appealed to this court. Defendant has entered no appearance herein.

The finding and judgment of the court below were erroneous.

The contract was none the less a completely executed contract between plaintiff and defendant, because a third party was named in the body of it, who did not sign it.

So far as appears in the record it was both executed and delivered (at least by being left with the agent or broker for both sides) without any condition annexed or mentioned that it was not to be operative without Maria Hybl's signature. As stated, the mere insertion of her name as one of the contracting parties did not alter the obligation of Hybl. Dillon v. Anderson, 43 N. Y. 231; Mattoon v. Barnes, 112 Mass. 463; Thomas v. Caldwell, 50 Ill. 138.

The contract having been made by Hybl, there is no doubt that he was bound by it and liable for a breach of

it. His having the title to real estate was not essential to a valid contract on his part to convey it. Gale v. Dean, 20 Ill. 320; Plummer v. Rigdon, 78 Ill. 222; White v. Bates, 234 Ill. 276. It merely prevented him executing it unless he could procure that title or cause it to be conveyed. This has never been questioned in such cases. The contest is generally over the proper measure of damages. In this case the parties fixed that measure themselves.

In the absence of anything to show them extortionate or inequitable, the stipulation for liquidated damages should be enforced.

The judgment of the Municipal Court is reversed and judgment will be entered here for the plaintiff, Nick Breiling, against the defendant, Alois Hybl, for $200 and the costs in both courts.

*Reversed and judgment here.*