ANTON W. RADOMSKI, Appellee, *vs.* THE E. R. STEGE BREWERY, Appellant.

*Opinion filed April 19, 1913.*

STATUTE OF FRAUDS—*when oral agreement is within the Statute of Frauds.* Where the owner of a building borrows money from a brewery and gives a note due in three years, secured by a trust deed containing covenants to keep a saloon on the premises until the debt is paid; to buy all beer from such brewery; to sell no other; not to lease the premises except subject to the covenant and to enforce observance of the covenant by the lessee, a subsequent oral agreement, made a few months later, by which the brewery agrees to pay such owner fifty cents a barrel for all beer sold by him if he will make certain improvements on the premises and lease the same to a tenant, is merely a modification of the original contract and not an independent agreement, and as the payments by the brewery are to extend over a period of more than one year the contract is within the Statute of Frauds, even though the owner makes the improvements and executes the lease within that time.

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding.

SIMEON STRAUS, and IRA E. STRAUS, for appellant.

BERT D. WING, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This appeal presents the question whether the Statute of Frauds constituted a defense to the action of the plaintiff. In April, 1907, the plaintiff bought two lots in Chicago and borrowed of the defendant $3000, giving his note, payable in three years, secured by a trust deed on the lots, in which the plaintiff covenanted to keep a saloon on the premises until the indebtedness was paid, to buy of the defendant all beer sold on the premises, not to permit any other beer than the defendant's to be sold there, not to lease or convey the premises except subject to these covenants, and to enforce the observance of such covenants by his grantees or lessees. The plaintiff's son kept a saloon on the premises until the next February, when he decided to quit the business. The plaintiff then told the defendant's president that he could rent the place for $35 a month but that it would require $1000 in repairs and improvements and that the rent was not enough, and asked what the defendant would do for him. The defendant agreed that if the plaintiff would make the necessary repairs and improvements and make the lease, which was for three years, the defendant would allow the plaintiff fifty cents a barrel for all beer sold during the term of the lease. This is disputed, but the facts have been found against the defendant. The plaintiff made the repairs and improvements and the lease. The defendant sold beer to the lessee but refused to pay the plaintiff fifty cents a barrel for the quantity sold. The plaintiff sued and recovered a judgment, which the Appellate Court affirmed and thereupon granted a certificate of importance and an appeal.

The contract was not to be performed within one year. The appellee insists that the contract was fully performed on his part within a year when the repairs and improve-

ments were made and the lease executed, and that therefore the Statute of Frauds does not apply though the payments to be made to him did extend over more than a year. The appellee was under a covenant to keep a saloon on the premises until the payment of the debt, to buy all the beer sold there from the defendant, not to lease the premises except subject to such covenant, and to enforce the observance of such covenant by his lessee. The appellant had no other interest in the appellee's lease and there was no other reason for the appellee's consulting the appellant about it. The result of their negotiation was a modification of the contract so that the appellee should receive fifty cents a barrel on all beer sold to his lessee, but he was still bound to enforce the contract against the lessee that all beer sold should be bought of the appellant. The agreement in respect to the repairs and the new lease cannot be regarded as an independent undertaking aside from the contract already existing. It was only because of the relations already existing that the new arrangement was made, and it is to be given effect, if at all, as a part of that contract. The agreement to allow the appellee fifty cents a barrel was not in consideration, only, of his expenditure in repairs and his making a new lease, but also of his agreement, already existing, to enforce the covenant in regard to the purchase of beer. The appellee had not performed his whole agreement when he entered into the lease and made the repairs and improvements agreed upon. He was still bound to enforce upon his lessee the observance of the agreement to buy beer only of the appellant until the payment of the mortgage indebtedness, a period of more than two years. The Statute of Frauds was a defense to the action and the court should have directed a verdict for the defendant.

The judgments of the Appellate Court and of the municipal court will be reversed and the cause remanded to the municipal court.              *Reversed and remanded.*