(No. 16796.—Judgment reversed.)
JOSEPH G. SANTELLI *et al.* Defendants in Error, *vs.*
REUBEN LEV *et al.* Plaintiffs in Error.

*Opinion filed February 16, 1927.*

1. FORCIBLE DETAINER—*when motion to find for the defendant should be sustained.* Where plaintiffs in a forcible entry and detainer proceeding claim possession of premises as lessees and the execution of the lease is denied by the defendants the court should sustain a motion to find for the defendants, where the evidence shows that the lease was never consummated.

2. LEASES—*when lease is not consummated.* A lease for more than one year is not consummated where the evidence shows that when the parties met to execute the lease all agreed that the signatures of the lessees, who were partners in business, should be affixed in person and that the name of one partner who was absent could not be signed by the other, and that said partner later refused to sign.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. C. G. NAUERT, Judge, presiding.

SAMUEL KOENIGSBERG, and LEO WOLF, (CLYDE C. FISHER, of counsel,) for plaintiffs in error.

VANNATTA & KING, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendants in error brought suit in forcible entry and detainer in the municipal court of Chicago to obtain from plaintiffs in error the possession of a building in Chicago. A trial before the court without a jury resulted in a judgment for defendants in error, which was affirmed by the Appellate Court for the First District, and the case is now here on *certiorari*.

The premises in question belong to plaintiffs in error, who are partners in the junk business. Defendants in error claim that plaintiffs in error leased the premises to them by a written lease for a term of five years and claim possession under such lease. Plaintiffs in error denied the execution and delivery of the lease and at the close of the evidence made a motion that the court find for the defendants. The denial of this motion is assigned as error.

The evidence shows that the terms of a lease were agreed upon by defendants in error and Reuben Lev and a lease was written containing the names of the four parties to this suit as the contracting parties. Defendants in error and Reuben Lev, with their attorneys, met for the purpose of executing the lease, and it was signed in duplicate by these three parties. The evidence of all parties present is to the effect that Reuben Lev was about to sign it for Samuel Lev when the attorney for defendants in error objected and insisted that the lease be signed by Samuel in person. Defendants in error then gave Reuben checks for $1160 to apply on the lease, and Reuben took the lease with the understanding on the part of all parties present that he was to procure Samuel's signature thereto. When Reuben presented the lease to Samuel for his signature

Samuel refused to sign for the reason that he was not satisfied with the terms of the lease, and he never did sign the same.

It is contended by defendants in error that as Reuben and Samuel Lev were partners, the signing of the lease by Reuben was sufficient to bind Samuel. The undisputed evidence is that Samuel never authorized Reuben to sign the lease for him, and it is immaterial, so far as this case is concerned, whether or not, in law, one partner has authority to bind the other by his signature to a lease or whether forcible entry and detainer can be maintained by a lessee against a lessor when possession of the leased premises is refused. Suffice it to say that in this case Reuben's signature did not bind Samuel, as it was the manifest intention of both parties that the contract of leasing would not be consummated until signed by Samuel in person. After his refusal the $1160 was tendered to defendants in error and refused by them. It being the intention of both parties hereto that Samuel should sign the lease, and he never having done so, the contract of leasing never was consummated, and the lease without his signature could not be used as the basis of any right of possession by defendants in error. The proposed leasing being for a period of more than one year it was necessary that a written lease be executed and delivered. The lease never having been executed and delivered there was no evidence whatever in the record that defendants in error were entitled to the possession of the premises, and the court should have sustained the motion of plaintiffs in error to find for the defendants.

The judgments of the Appellate and municipal courts are therefore reversed.                    *Judgment reversed.*