George H. Karagianis and Pete De Metra, Appellees, v. James Stathopulos and L. Vlassis, Appellants.

Gen. No. 32,249.

298 

Opinion filed March 29, 1928.

G. A. BURESH and DAVID S. HORWICH, for appellants.

CHARLES E. PEACE and WILLIAM REEDA, as REEDA & PEACE and THOMAS P. FITZPATRICK, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action under the forcible entry and detainer statute, chapter 57, R. S., Cahill's St. ch. 57, for the possession of premises 3531 North Clark street, Chicago. Defendants held possession under a written lease, which by its terms expired April 30, 1927.

While the jury was impaneled to try the case the court instructed a verdict in favor of plaintiffs, which verdict, finding defendants guilty and wrongfully withholding possession of the demised premises from the plaintiff, was returned, and judgment thereon entered, from which defendants prosecute this appeal.

It is not denied that the relation of landlord and tenant existed between the parties, and that the defendants held possession under a lease from plaintiffs dated October 20, 1924, for a term commencing May 1, 1925, and terminating on April 30, 1927, at a fixed rental of $150 per month, and also that a deposit of $500 as security for the last three and one-third months of the term was made by the plaintiffs.

There were negotiations between the parties for a new lease, but the minds of the parties never met upon the terms of any lease and none was executed between them for a renewal of the term expiring April 30, 1927. A check, claimed to cover the $100 due for January rent and $50 on account of May 1927 rent, was sent by defendants to plaintiffs. On April 29, 1927, plaintiffs by their attorneys sent defendants a check for $50 with a letter stating that it was an overpayment and demanding the possession of the premises at the expiration date of the lease, under which they held, viz, April 30, 1927. Defendants returned the check with the statement that it was not an overpayment, but was given to the plaintiffs as part payment of the May 1927 rent, and was so sent pursuant to a verbal agreement. Plaintiffs' attorneys, it is claimed, still have that check.

It seems that there had been some talk between the parties for a renewal of the lease for a term of from one to three years, which did not result in the execution or delivery of a written lease, and defendants claim the right to continue in possession of the property under an oral agreement for a lease for a term of from one to three years.

It is patent that the right to possession claimed by defendants is ineffective for that purpose because such agreement was not only indefinite as to the term to be granted, viz, one to three years, but was void under the statute of frauds. It was not necessary to plead the statute in this action in the municipal court as the fact appeared from the evidence of defendants. Whether or not the lease, under which defendants claimed the right of possession of the premises in suit, was void under the statute of frauds was a question of law for the court and not of fact for the jury. In the light of the evidence the court properly directed a verdict for plaintiffs for possession of the premises.

In *Santelli v. Lev,* 324 Ill. 454, the court said:

"The proposed leasing being for a period of more than one year it was necessary that a written lease be executed and delivered. The lease never having been executed and delivered there was no evidence whatever in the record that defendants in error were entitled to the possession of the premises, and the court should have sustained the motion of plaintiffs in error."

In the instant case the trial court applied this rule of law correctly in instructing a verdict for the plaintiffs.

Whatever may be claimed as resulting from the payment of the $50, whether it was on account of May rent or any other rent, added nothing to defendants' right to retain possession as against the plaintiffs. That payment whatever it may have been for did not make a lease between the parties, nor give the right to defendants to remain in possession.

In *Santelli v. Lev, supra,* a lease was agreed upon between the parties, and such lease executed by all of the parties but one. One of the lessees refused to sign, and notwithstanding that $1,160 was paid on account of rent, and the tenants claimed the right of possession by reason of the aforesaid facts, the Supreme Court held that the contract of lease was never perfected, and that the landlords were entitled to possession.

In *Poppers v. Meagher,* 148 Ill. 192, it was held that on the termination of the lease by efflux of time, it was the duty of the tenant to yield up possession, and that duty was not dependent upon a demand for possession, or upon any proceeding to be taken or thing to be done by the landlord; that the pendency of negotiations for a lease of demised premises, under an agreement to extend the term of the original lease, which fail, would not justify a tenant in holding over or relieve him from his covenant to yield up possession to the landlord at the end of the term, even though the lessor may have

received a check for the first month's rent pending the negotiations, which was returned.

There is no reversible error in the record before us, and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.