## Bismarck Hotel Company, Appellant, v. Maxwell N. Andalman and Michael A. Gerrard, Appellees.

### Gen. No. 44,034.

Opinion filed June 4, 1947.
Rehearing denied June 26, 1947. Released for publication June 26, 1947.

VICTOR C. WINNEN and McCARTHY, WITRY, LYON & McCARTHY, all of Chicago, for appellant.

EMMETT J. McCARTHY and GEORGE R. LYON, both of Chicago, of counsel.

LEONARD J. BRAVER, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

On April 30, 1946 Maxwell N. Andalman and Michael A. Gerrard, attorneys at law, filed a complaint in equity in the superior court of Cook county against Bismarck Hotel Company, a corporation, for specific performance of an alleged agreement to renew

a lease for a suite of law offices at 134 North La Salle street, Chicago, and to restrain it and its agents from interfering with their possession and use of the suite subsequent to April 30, 1946. On May 1, 1946 Bismarck Hotel Company filed a statement of claim in the municipal court of Chicago against attorneys Andalman and Gerrard, alleging that it is entitled to possession of the suite of offices; that defendants unlawfully withhold possession thereof; and asking judgment for possession. The municipal court case was transferred to the superior court and there consolidated with the equity case. The consolidated cases were referred to a master in chancery. He found that the tenants failed to prove the material allegations of the complaint; that it should be dismissed for want of equity; and that the landlord is entitled to judgment for possession in the forcible detainer case. He overruled objections filed by the tenants and these stood as exceptions. The chancellor sustained the exceptions, decreed that the tenants' agreement for the renewal be specifically performed, and denied the landlord's right to judgment in forcible detainer. The landlord appeals.

These tenants had severally occupied various offices in the building for a number of years. In the Fall of 1944 the parties negotiated for a lease of the suite involved in this cause. Under date of December 13, 1944 tenants sent a letter to the landlord, setting forth the conditions on which they would make the lease. On December 27, 1944, the landlord submitted an unsigned form of lease to them. On January 15, 1945 tenants signed and delivered the lease to the landlord, with a letter confirming their letter of December 13, 1944, and setting forth certain further conditions. The lease was for a term of one year and three months, commencing February 1, 1945 and ending April 30, 1946, at a rental of $5,700, payable in instalments of $380 on the first day of each calendar month. Tenants claim to have

delivered to the landlord at the same time a certain "#2 Postscript." The receipt of this postscript was denied. They produced a copy dated January 15, 1945, addressed to the landlord and signed by them, reading: "#2 Postscript attached to letter of even date Re: 1206-8-10-12, 134 No. La Salle St. Gentlemen: This postscript, handed you with letter of even date and lease dated December 27, 1944 mentioned therein, evidences an additional condition precedent, it being understood that said lease will be renewed for not less than an additional year on the same terms and conditions. You may require an adjustment of rental. In such case, you will advise us by March 1, 1946 so negotiations may be had to arrive at a fair rental."

The lease was signed by the landlord and returned to the tenants. The suite of offices was constructed as provided in the plat attached to the lease and the tenants took possession. During the early part of 1946 the landlord informed the tenants that new managing agents coming into the building would require a large amount of space and that their lease would not be renewed. They refused to vacate at the close of April 30, 1946.

In *Brach v. Matteson,* 298 Ill. 387, our Supreme Court said (392):

"A contract will not be enforced unless the terms are clear, certain and unambiguous and either admitted by the pleadings or proven with a reasonable degree of certainty."

In our opinion the terms of the #2 Postscript are not clear, certain and unambiguous. This postscript does not pretend to be an option. It purports to be an agreement to renew the lease for not less than an additional year on the same terms and conditions, except that the landlord could "require an adjustment of rental" upon advising tenants "by March 1, 1946 so negotiations may be had to arrive at a fair rental."

Assuming, *arguendo,* that the landlord had advised the tenants by March 1, 1946 that it would require an adjustment of rental and that they refused to negotiate, we are satisfied that the landlord could not have enforced a renewal by specific performance at an increase of even $1.00 a month. There would be no meeting of the minds on the amount of the rent to be paid. The most that can be said for the #2 Postscript is that it constituted a promise to negotiate. The landlord's right to require an adjustment of rental is an essential element in the asserted agreement. In *Jacksonville Hotel Bldg. Corp. v. Dunlap Hotel Co.,* 350 Ill. 451, the court said (460):

"A contract will not be specifically enforced by the court unless it is mutual—that is, unless it is of such a character that at the time it was entered into it might have been enforced by either of the parties against the other. Whenever, from the nature of the contract or any other cause, the contract is incapable of being enforced against one party that party is incapable of enforcing it against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former."

The tenants, quoting from *Edmonds v. Gourley,* 362 Ill. 147, 156, that "a contract must be mutual before it can be enforced, but when both parties have acted upon it and taken the benefits of it, it is mutual," argue that the leasing agreement in question possesses that mutuality on which specific performance may be based. In the instant case the landlord has not acted upon the #2 Postscript, nor taken any benefit of it. It has at all times denied the existence of such an agreement. In our opinion the doctrine announced in the *Edmonds* case is not applicable to the facts of the case at bar.

■■ An agreement to be enforced by specific performance must have a fixed and certain term. *Miller*

*v. Gordon,* 296 Ill. 346; *W. T. Grant Co. v. Jaeger,* 224 Ill. App. 538; *Karagianis v. Stathopulos,* 248 Ill. App. 297. The #2 Postscript provides that the lease "will be renewed for not less than an additional year." The decree entered requires the landlord to make a lease for a term of one year. This postscript contemplated that the parties would negotiate as to the term for which the lease would be renewed and also as to the rental. While a court of equity in a proper case has the power to enforce, by specific performance, a contract between the parties, it does not have the power to make a contract and to enforce the contract thus made. In the instant case the chancellor, in effect, made an agreement for the parties by fixing the term of the renewal lease at one year and by fixing the rental at the amount stipulated in the expiring lease. In so doing the chancellor was making a contract for the parties and this he did not have the power to do.

For the reasons stated, the decree of the superior court of Cook county is reversed and the cause is remanded with directions to enter a decree dismissing the complaint in chancery for want of equity at tenants' costs, and entering judgment for possession in favor of the landlord and against the tenants in the forcible detainer case, should they at this time be in possession of the premises.

*Decree reversed and cause remanded with directions.*

Lewe, P. J., and Kiley, J., concur.