Paul A. Corso, Appellant, v. Ethel Fisher Dixon et al., Appellees.

Gen. No. 45,827.

Opinion filed November 19, 1952. Released for publication December 5, 1952.

FREEMAN & FREEMAN, of Chicago, for appellant; EARL FREEMAN, and MARVIN G. FREEMAN, both of Chicago, of counsel.

JOHN B. SCHMIDT, and MAXFIELD WEISBROD, both of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages based upon breach of an alleged oral contract for a 5-year lease, and upon fraud. The court sustained the motion of Hogan & Farwell, Inc., to strike the amended complaint, plaintiff stood by his pleading, which was thereupon stricken and judgment was entered against the plaintiff. The appeal is by the plaintiff.

■ The motion of Hogan & Farwell to strike admitted the facts well pleaded in the amended complaint. These facts are set forth in the succeeding paragraphs.

The trustees are owners of the legal title of the premises in Chicago occupied by Arthur's Hats, Inc., under a lease between Hogan & Farwell, agent, as lessor, and Arthur Feichenfeld, Jr., as lessee. The lease covered the period from May 1, 1946 to April 30, 1950, and was assigned by Feichenfeld to Arthur's Hats, Inc. On July 21, 1949 plaintiff was interested in purchasing the assets of Arthur's Hats, Inc., referred to herein as lessee, and in operating the business if he could obtain a 5-year lease on the same terms as the existing lease. At the time the lessee was in arrears in rent to the amount of $3,464.76. Immediately before July 1, 1949, plaintiff inquired of Hogan & Farwell, managing agent of the premises, through Martin its employee, whether the 5-year lease could be obtained in the event plaintiff bought the lessee's assets. Martin made an oral agreement with plaintiff under which plaintiff agreed to pay the rental arrears in consideration for the defendant's promises to consent to the assignment of the existing lease to plaintiff, and to give him "immediately" the 5-year lease beginning May 1, 1950.

July 21, 1949 plaintiff paid Hogan & Farwell the rental arrearage, purchased the lessee's assets, and paid off a chattel mortgage on lessee's trade fixtures. Hogan & Farwell consented to the assignment in writing but refused to give plaintiff the 5-year lease, thus compelling him to vacate the premises April 30, 1950, and causing a loss of $8,000 in a forced sale of merchandise.

In the first count of the amended complaint plaintiff seeks a judgment for $18,464.76 for breach of the oral contract. In the second count, he charges that

381

Hogan & Farwell's representation made through Martin, with respect to the 5-year lease was false, known to be false and made to induce plaintiff to pay the arrearage; that the defendant knew when the representation was made that the premises had been leased to a person other than plaintiff for the term beginning May 1, 1950; and that the plaintiff relied and acted on the false representation to his damage.

The pertinent grounds of Hogan & Farwell's motion as to count one were: That oral inquiries do not create a legal obligation. That the alleged contract was unenforcible under the Statute of Frauds. That the alleged partial performance would not avoid the Statute of Frauds. That plaintiff was a mere volunteer in paying the arrearage for the lessee, and the payment was not consideration for the alleged contract. That the allegations did not disclose written authority in Martin to contract for the lease. That there were no allegations showing how Hogan & Farwell was concerned with the moneys paid and lost by the plaintiff. And that the alleged agreement lacked mutuality.

The question as to count one is whether it stated a cause of action of a breach of contract rendering Hogan & Farwell liable.

██ The parties do not dispute that defendant's motion will lie under sec. 48 (1) (h) of the Civil Practice Act if it appears from the allegations that the alleged contract is unenforcible under the Statute of Frauds; and that valid agreements to make a lease may be made.

██ Hogan & Farwell states it is willing to accept plaintiff's version that the alleged oral agreement was for the making of a lease. We think that this is sufficient to show that the first ground is misconceived since an oral contract and not mere inquiries are the basis for the action.

██ █

██ Hogan & Farwell admits that in a suit at law complete performance of an oral agreement will take the agreement out of the Statute of Frauds. Plaintiff alleges that under the oral agreement he was to pay and did pay the sum of $3,464.76. This was full performance. We see no merit in the contention that full performance would require that plaintiff also execute the written lease which was the subject of the oral agreement. Hogan & Farwell argues as though the allegation were that it had prepared the written lease and submitted it to the plaintiff for his signature. It is not clear to us how plaintiff could have executed the lease which he claims was the duty of Hogan & Farwell to give him, and which duty could not under the circumstances be performed.

██ The allegations in the complaint do not present a cause of action barred by the Statute of Frauds. *Warszawa v. White Eagle Brewing Co.,* 299 Ill. App. 509. In *Santelli v. Lev,* 324 Ill. 454, cited by Hogan & Farwell, the suit was for forcible entry and detainer, and the court held that since a written lease was not signed by one of the lessors there was no right of possession in the plaintiff though the lessees had signed the lease and one lessor had accepted money to apply on the lease. The Statute of Frauds was not involved in that case. In *Radomski v. E. R. Stege Brewery,* 258 Ill. 325, plaintiff sued to recover 50 cents per barrel of beer sold by him. Defense was the Statute of Frauds. The agreement to pay 50 cents per barrel was held by the court to be part of the original contract which bound the plaintiff to buy beer from the defendant for three years. The court held there was still further performance required and that the defense was good. In *Strehl v. D'Evers,* 66 Ill. 77, there is *dictum* that an oral contract for a lease for three years was within the statute. Following the alleged

oral agreement the plaintiff took possession under a written lease for one year. The court considered that the earlier agreement merged into the lease which became conclusive of the terms of the contract. In the instant case, the alleged oral agreement was to be performed within a year.

■ The plaintiff was not a mere volunteer under the allegations in the amended complaint. The payment of the arrearage was consideration for the alleged promise of the defendant which gave rise to the obligation to give plaintiff a 5-year lease.

■ The complaint alleges that Martin was the employee and duly authorized agent of Hogan & Farwell. We think that this is sufficient for the plaintiff's cause of action, and that the want of authority is a matter of defense. Cases such as *Leach v. Hazel,* 398 Ill. 33; *Stein v. McKinney,* 313 Ill. 84; and *Browne v. Vopicka,* 261 Ill. App. 386 are not applicable because the question here is not what must be proved but what must be alleged. In those cases there was no question of pleading. The allegations in them were merely in substance ''that defendant through his agent.''

■ The authority of Hogan & Farwell to make a written lease is sufficiently alleged. The complaint alleges that it was the managing agent which had signed the lease to Feichenfeld as lessor. Here again, the question of written authority is a matter of defense.

■ The allegations of the moneys expended and lost by plaintiff sufficiently connect these damages with a breach of the alleged contract. The expenditures depended upon the getting of the lease, and the loss was suffered because the lease was not given.

■ ■ Under the allegations, the oral agreement did not lack mutuality. Plaintiff did all that he was required to do under his promise, thus giving rise to the obligation of the defendant to keep its promise and

supplying any want of mutuality. *Corbett v. Cronkhite*, 239 Ill. 9; *Miller v. Moffat*, 153 Ill. App. 1. The question of whether Hogan & Farwell might have been able to enforce performance or recover for breach by the plaintiff is not relevant.

 The pertinent ground upon which defendant's motion attacks count two is that the allegations merely show representations of future promises and not existing facts. Plaintiff contends that the allegations show a positive concealment of a material fact, which if disclosed would have prevented him from acting to his detriment. This fact is that the premises had already been leased to another for the term promised the plaintiff. *Harmony Way Bridge Co. v. Leathers*, 353 Ill. 378.

 Hogan & Farwell contends that the allegations show that it was the agent of a disclosed principal, the trustees, and that accordingly it is not liable to the plaintiff who dealt with it as agent. This construction is relevant only to the alleged breach of contract in count one. This ground was not among those stated in the motion to strike. Had it been, plaintiff might have decided to amend his pleading. This is not a matter in the record which Hogan & Farwell can avail itself of to sustain the judgment.

For the reasons given we think that the court erred in striking the complaint. The judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded for further proceedings.*

LEWE, P. J. and FEINBERG, J., concur.