SHERBROOKE HOMES, LTD., Plaintiff-Appellant, *v.* THEODORE A. KRAWCZYK *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 79-335

Opinion filed March 31, 1980.—Rehearing denied April 30, 1980.

Barry M. Rosenbloom and Alvin E. Rosenbloom, both of Chicago (Ruttenberg and Ruttenberg, of counsel), for appellant.

Hubachek, Kelly, Rauch & Kirby, of Chicago (Richard T. Zwirner, David M. Allen, and Judith L. Borden, of counsel), for appellees.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Sherbrooke Homes, Ltd. (hereinafter referred to as Sherbrooke), filed an action in the circuit court of Cook County against defendants Theodore A. Krawczyk (hereinafter referred to as the husband) and Rose M. Krawczyk (hereinafter referred to as the wife) to recover indebtedness evidenced by an instrument entitled promissory note (hereinafter referred to as the note) signed only by the husband and given to Sherbrooke to secure performance under an instrument entitled real estate sale contract (hereinafter referred to as the contract) which

was also signed only by the husband. The husband and wife moved pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45) to dismiss Sherbrooke's complaint. An appeal is now taken from the order of the trial court which dismissed Sherbrooke's complaint with prejudice. The sole issue presented for review is whether the complaint states a cause of action against the husband for breach of contract.

For reasons hereinafter set forth, we reverse and remand for further proceedings not inconsistent with this opinion.

On April 13, 1978, Sherbrooke filed a complaint in two counts against both the husband and the wife to recover indebtedness evidenced by the promissory note which named both the husband and the wife as the promissors but which was signed only by the husband. The note was given by the husband to Sherbrooke to secure performance under the contract which named both the husband and the wife as the "purchaser" but which was signed only by the husband.[1] Count I of the complaint alleges that "[the husband and the wife] are lawfully indebted to [Sherbrooke]" for the amount of the note "which was signed in furtherance of a contemplated purchase of a home by the [husband and the wife] from [Sherbrooke] and which note was due on February 1, 1978, or at closing whichever occurred first." Count I further alleges that Sherbrooke has repeatedly demanded payment from the husband and the wife, but that the husband and the wife have refused and continue to refuse to pay the amount of the note.

Count II of the complaint alleges that the husband "entered into a real estate contract" with Sherbrooke and "delivered to [Sherbrooke] his personal note in the sum of $8,500"; and that the husband breached the terms of the contract rendering him liable to Sherbrooke. Count II further alleges that because the real estate was to be used as a marital residence, the wife is liable pursuant to the family expense act (Ill. Rev. Stat. 1977, ch. 40, par. 1015)[2] to Sherbrooke for the husband's default.

The husband and the wife moved pursuant to section 45 of the Civil Practice Act to dismiss the complaint because "it is substantially insufficient in law." The motion to dismiss alleges that the promissory note and the real estate contract upon which Sherbrooke predicates liability were not enforceable against either the husband or the wife because each of the instruments fails to bear the necessary signatures of both the husband and the wife. The motion to dismiss further alleges that the complaint does not state a cause of action against the wife because the "statute only gives a right to recover for the reasonable value of services

---

[1] As indicated above, the wife did not sign either instrument. Both Sherbrooke and the husband signed the contract on December 1, 1977.

[2] This act was transferred without modification from Ill. Rev. Stat. 1975, ch. 68, par. 15.

actually rendered.. * * * The statutory liability of a wife for family expenses does not extend to an alleged obligation on an alleged executory contract for future expenses." The trial court dismissed the complaint with prejudice.

During oral argument Sherbrooke agreed with the husband and the wife that the Family Expense Act was inapplicable to the case at bar. Because that issue is no longer disputed by the parties, we make no determination of its merits.

Sherbrooke contends that both count I and count II of its complaint allege sufficient facts to state a cause of action against the husband for breach of contract and that the absence of the wife's signature from the contract and the promissory note does not render the contract and the note unenforceable against the husband. The husband maintains that the absence of the wife's signature renders the instruments incomplete and thereby unenforceable.

■■ As a general rule, the interpretation, construction or legal effect of a contract is a matter to be determined by the courts as a question of law. (*Chicago Daily News, Inc. v. Kohler* (1935), 360 Ill. 351, 196 N.E. 445; *Tondre v. Pontiac School District No. 105* (1975), 33 Ill. App. 3d 838, 342 N.E.2d 290.) This rule has been applied (1) when the contract is in writing (*Farmers Automobile Insurance Association v. Hamilton* (1975), 31 Ill. App. 3d 730, 335 N.E.2d 178, *aff'd* (1976), 64 Ill. 2d 138, 355 N.E.2d 1); (2) when there is no ambiguity or uncertainty in the terms of the contract (*La Salle National Bank v. Wieboldt Stores, Inc.* (1965), 60 Ill. App. 2d 188, 208 N.E.2d 845, *appealed after remand* (1968), 102 Ill. App. 2d 339, 243 N.E.2d 328); and (3) when there is no question involving proof of the parties' construction which is dependent upon disputed extrinsic facts. (*Wheaton National Bank v. Aarvold* (1976), 38 Ill. App. 3d 658, 348 N.E.2d 520.) However, if the construction of an agreement is dependent not only upon the meaning of the words employed but also upon extrinsic facts and circumstances or upon the construction which the parties themselves have placed upon the contract, and the facts are controverted, any inferences to be drawn are for the trier of fact. *Chicago Daily News, Inc. v. Kohler; Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 1017, 278 N.E.2d 431.

. In the case at bar the contract recites that the "purchaser" is "Theodore A. and Rose M. Krawczyk" and two lines were provided for their signatures. The promissory note recites that "the undersigned, Theodore A. and Rose M. Krawczyk" promise to pay to Sherbrooke the amount of the note, and once again two lines were provided for their signatures. The husband argues that the contract imposes no obligation and confers no privilege upon him alone; and that the only contract the husband executed or intended to execute was a contract in which the wife

was to join. However, the contract also provides that "[i]f Seller has not agreed within seven (7) days after Purchaser's execution and return to Seller (which Purchaser shall promptly do) then Purchaser's offer as herein contained shall be considered null and void and the earnest money returned. The preparation and tender of this Contract by Seller does not create any equitable or legal rights in Purchaser and the Seller is not bound in any way until this Contract is executed by Seller and an executed copy returned to Purchaser." Thus Sherbrooke argues that an offer was made by the husband and accepted by Sherbrooke, and that had it been intended that no contractual obligations would arise until the wife affixed her signature to the contract, Sherbrooke would not have executed the contract prior to the wife's signing.

The husband relies upon *Santelli v. Lev* (1927), 324 Ill. 454, 155 N.E. 278, and *Griefen v. Hubbard* (1904), 112 Ill. App. 16, for the proposition that where a contract in writing is obviously drawn as a mutual agreement between several parties to be signed by all of them, it must be executed by all of such parties by signing it or otherwise acceding to its terms so that it binds all or it will not bind any of them. In *Santelli v. Lev* a lease was executed by the tenants and one of the landlords but not the other. Notwithstanding that the landlords were partners and that $1,160 was paid toward the rent, the supreme court held that the contract of lease was never perfected. The court opined at page 456:

> "The undisputed evidence [presented at trial] is that Samuel never authorized Rueben to sign the lease for him, and it is immaterial, so far as this case is concerned, whether or not, in law, one partner has authority to bind the other by his signature to a lease * * *. Suffice it to say that in this case Rueben's signature did not bind Samuel, as it was the manifest intention of both parties that the contract of leasing would not be consummated until signed by Samuel in person. * * * It being the intention of both parties hereto that Samuel should sign the lease, and he never having done so, the contract of leasing never was consummated, and the lease without his signature could not be used as the basis of any right of possession by defendants in error."

In *Griefen v. Hubbard* the husband executed a contract for the exchange of real property. Although the wife was a named party, she did not sign or execute the contract. The evidence adduced at trial indicated that the husband had no written authority to sign his wife's name to the contract and that the wife had refused to ratify the contract. The wife held title to at least part of the realty to be conveyed and, in addition, she would have been required by the agreement to execute her note, secured by the real estate to be conveyed to her, for $7,500 payable within three years. Based upon the foregoing, the court held that the contract could

not be performed by the husband alone and was not by its terms intended to be.

Sherbrooke directs our attention to *Breiling v. Hybl* (1912), 167 Ill. App. 165. In *Breiling v. Hybl* Nick Breiling and Alois Hybl executed a contract for the exchange of certain real estate. Although the body of the contract named "Alois Hybl and Maria Hybl, * * * party of the first part" and "Nick Breiling and Maria Breiling, * * * party of the second part" as the contracting parties, only Nick Breiling and Alois Hybl executed the contract. In fact, it appears that no space was provided for the signatures of either Maria Hybl or Maria Breiling. The court opined:

> "So far as appears in the record [of the evidence adduced at trial] it was both executed and delivered * * * without any condition annexed or mentioned that it was not to be operative without Maria Hybl's signature. As stated, the mere insertion of her name as one of the contracting parties did not alter the obligation of Hybl." 167 Ill. App. 165, 167.

■■ Although the results differ in the above cited cases, in each case the trial court heard evidence of extrinsic facts and circumstances concerning proof of the parties' construction of the contract. In the instant case the contract is not susceptible of but one interpretation or construction. Nor has the trial court had the benefit of evidence of extrinsic facts and circumstances which may establish the construction or interpretation ascribed to the contract. Based upon the foregoing, we conclude that the trial court's dismissal of Sherbrooke's complaint was inappropriate, and we reverse and remand for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.