IDA HANDELMAN *et al.*, Plaintiffs-Appellants, *v.* LONDON TIME, LTD., Defendant-Appellee.

First District (1st Division)   No. 83—2078

Opinion filed May 14, 1984.

Reuben Zellermayer and A.J. Hardiman, Ltd., both of Chicago (A.J. Hardiman, of counsel), for appellants.

Law Offices of Beryl A. Birndorf, of Chicago (Robert M. Birndorf, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Ida Handelman and Edward J. Rothman (plaintiffs) brought two actions against London Time, Ltd. (defendant), based on two commer-

cial leases. Plaintiffs sued "as agents of the beneficiaries" of a certain land trust. The two cases were later consolidated. Plaintiffs obtained judgments by confession. At a hearing to confirm the judgments, the trial court vacated the confession judgments and entered judgment for defendant. Plaintiffs appeal.

Count I of plaintiffs' complaint specifies "on August 1, 1979, a written lease was made between plaintiffs, Ida Handelman and Edward Rothman, as agents as aforesaid, as landlord, and defendant ***." Defendant filed an "Answer and Affirmative Defense" in which defendant admitted "the affirmative allegations of paragraph I of plaintiff's [sic] complaint, except that the industrial loft lease (the 'lease') contains a rider dated August 27, 1979." Defendant also asserted three affirmative defenses: failure to provide adequate heat; failure to provide a functional elevator; and allowance of a credit for sums plaintiffs realized from reletting the premises and from the security deposit defendant had previously tendered. Later defendant filed a motion to vacate the judgments by confession on the theory that the lease failed to specify a liquidated amount of damages.

At the hearing to confirm the judgments, Richard Rothman testified he is attorney for plaintiffs. He managed the subject premises. He identified the subject lease and the signatures of plaintiffs. The witness also testified as to the amount currently due on the lease.

Plaintiffs rested and defendant moved for judgment because plaintiffs failed to allege or prove any agency relationship to the beneficial owners of the subject premises. Defendant had not earlier raised the point in any manner.

The trial court took the case under advisement and at a later hearing vacated the judgments by confession and entered judgment for defendant. Plaintiffs made an oral motion to reopen the proofs to bring in evidence as to plaintiffs' agency relationship to the beneficiaries. The trial court denied plaintiffs' motion.

In this court, defendant's argument is based on the theory that plaintiffs had the affirmative duty to allege and prove their authority as agents of the land trust beneficiaries in order to establish a *prima facie* cause of action for breach of the lease.

■■ The lack of authority of an agent to execute a lease is an affirmative defense. (See *Corso v. Dixon* (1952), 348 Ill. App. 378, 384, 109 N.E.2d 241; *cf. Oh Boy Grocers v. South East Food & Liquor, Inc.* (1979), 79 Ill. App. 3d 252, 260, 398 N.E.2d 269, *appeal denied* (1980), 79 Ill. 2d 632.) Therefore, it follows necessarily that defendant has the burden of pleading and proving plaintiffs' lack of authority. *Michigan Avenue National Bank v. State Farm Insurance Cos.*

(1980), 83 Ill. App. 3d 507, 514, 404 N.E.2d 426, *appeal denied* (1980), 81 Ill. 2d 593.

In *Corso*, the court held:

> "The complaint alleges that Martin was the employee and duly authorized agent of Hogan & Farwell. We think that this is sufficient for the plaintiff's cause of action, and that the want of authority is a matter of defense. ***
>
> The authority of Hogan & Farwell to make a written lease is sufficiently alleged. The complaint alleges that it was the managing agent which had signed the lease to Feichenfeld as lessor. Here again, the question of written authority is a matter of defense." (*Corso v. Dixon* (1952), 348 Ill. App. 378, 384.)

Similarly in *Southeast Village Associates v. Health Management Associates, Inc.* (1981), 92 Ill. App. 3d 810, 812, 416 N.E.2d 325, the court held the failure of the plaintiff, land trust beneficiary, to present the trust instrument which specifically granted plaintiff authority to execute a lease, did not entitle defendant, the lessee, to summary judgment.

Defendant relies on *Freed v. Young* (1973), 21 Ill. App. 3d 64, 315 N.E.2d 72, for the proposition that plaintiffs herein had the affirmative duty to prove their authority. *Freed* holds simply that a lessee is not estopped from challenging the title of his landlord once the lessee has relinquished possession of the premises. *Freed* makes no reference to the affirmative duty of the agent to prove agency, nor to the theory that an allegation of agency is an element of a *prima facie* case in a suit brought by an agent.

Furthermore, defendant filed an "Answer and Affirmative Defenses" but did not include therein any reference to the authority of plaintiff to proceed. According to section 2—613 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—613(d)):

> "*** any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, counterclaim, or third-party complaint, in whole or in part, and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."

Clearly the purpose of the above-quoted language is to specify the disputed legal issues before trial. The parties are to be informed of the legal theories which will be presented by their respective opponents. This is a prime function of pleading.

In the case at bar, defendant's assertion of the affirmative de-

fense of lack of authority, "surprised" plaintiffs. We believe such a technique is contrary to the letter and the spirit of the Code of Civil Procedure. We find the instant situation particularly unfair to plaintiffs because defendant specifically set forth various affirmative defenses in its answer and "neglected" to include the defense which was dispositive in the trial court. Defendant first asserted this purported defense after plaintiffs had closed their case.

For these reasons the judgment appealed from is reversed and the cause remanded for a new trial.

Reversed and remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.