BERNADINE B. MULLIKEN, Plaintiff-Appellee, v. JACK LEWIS *et al.*, Defendants-Appellants.

Fourth District   No. 4—92—0547

Argued February 17, 1993.—Opinion filed June 3, 1993.

James P. Ginzkey (argued), of Hayes, Schneider, Hammer, Miles & Cox, of Bloomington, for appellants.

John N. Stevens (argued), of John N. Stevens Law Offices, of Bloomington (Jay D. Reece, of counsel), for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiff Bernadine B. Mulliken brought suit against defendants alleging she incurred damages because of their undervalued appraisal of her jewelry. In a pretrial order the trial court determined a limita-

tion of liability clause at the bottom of the written appraisal was not part of the contract and accordingly struck defendants' affirmative defense of limited liability. The jury found in favor of Mulliken and against defendants in the amount of $44,530 plus costs. Defendants appeal, contending (1) the limitation of liability language on the appraisal is not invalid as against public policy and should have been considered by the jury, (2) economic loss is not recoverable in tort, and (3) a Federal estate tax return and 1946 appraisal should have been submitted to the jury as impeachment evidence. We reverse and remand.

This case involves a diamond and sapphire ring and an alexandrite ring which were stolen in 1987 from Mulliken while she was at her winter home in Florida. Mulliken had received the diamond and sapphire ring in 1939 as a college graduation gift and the alexandrite ring in 1976 as a gift from her mother. In 1946 Jack Lewis had appraised the diamond and sapphire ring at $1,000. Mulliken had first had the alexandrite ring appraised (at $12,000) in 1982. Although no written copy of the 1982 appraisal was available, Mulliken claimed Lewis performed that appraisal and had done all her jewelry appraisals. Defendants Lewis and John Wohlwend denied doing the 1982 appraisal.

Mulliken testified that on July 24, 1985, she took the rings to Jack Lewis, Inc., and personally told Lewis that "the insurance company was wanting new appraisals done on the jewelry and would he please take care of it for [her]." Lewis gave Mulliken a claim ticket for the rings and told her to come back in two days. Two days later Mulliken picked up the rings and a few days after that she picked up the appraisal which valued the diamond and sapphire ring at $1,050 and the alexandrite ring at $14,500. A short explanation of the appraisal with a disclaimer was preprinted on the bottom of the appraisal. The appraisal was performed by Wohlwend and signed by Lewis. Defendants billed Mulliken $30 for the appraisal and she paid for the appraisal by check in August 1985. The appraisal information was then sent to Mulliken's insurance company.

After the two rings in question and several other pieces of jewelry were stolen, Mulliken received $15,500 from her insurance on the rings. Mulliken later brought a three-count complaint against defendants alleging the rings were undervalued in the 1985 appraisal. Count I claimed defendants acted negligently, count II claimed defendants breached their contract, and count III alleged defendants breached an implied warranty.

Defendants' answer raised the following affirmative defense to all three counts: "That the express disclaimer appearing on the subject appraisal expressly negates any implied warranties such as complained of in plaintiff's Second Amended Complaint, and any and all other liability as complained of by plaintiff." Mulliken filed a motion to strike, claiming that as a matter of law the disclaimer was not a part of the contract. The trial court struck defendants' affirmative defense, finding the preprinted disclaimer on the appraisal "did not as a matter of law constitute a part of the contract between the parties or a subsequent modification of an existing contract between the parties." Defendants immediately appealed; however, this court dismissed that appeal because the order appealed from was not final as to a "claim" under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), and the appeal was improper under Supreme Court Rule 308 (134 Ill. 2d R. 308). *Mulliken v. Lewis* (4th Dist., Nov. 6, 1991), No. 4—91—0382 (order of dismissal).

At the beginning of the three-day jury trial, the trial court denied defendants' motion *in limine* requesting a reconsideration of the decision to strike their affirmative defense. The trial court subsequently allowed Mulliken's motion *in limine* to bar any evidence or reference to the limitation of liability language on the preprinted appraisal form.

The telephonic evidence deposition of William Korst, an expert in colored gemstone appraisal, was read into evidence at trial. Korst stated that while it was "highly irregular" to have someone value an alexandrite over the phone, he felt he had the expertise to do so. Korst estimated replacement value of the alexandrite ring was $110,000. Korst stated that Wohlwend was incompetent and that Wohlwend's appraisal was incorrect. Korst claimed Wohlwend used the wrong formula in determining the weight of the alexandrite and used the wrong light source in examining it. Testimony by William C. Frautschi, who worked in the jewelry business in Bloomington from 1972 through 1988, and Richard Brent Meade, a retail jeweler in Rockford, also indicated that Wohlwend's appraisal was suspect. Frautschi further testified, out of the presence of the jury, in an offer of proof, that 89% of jewelry appraisers use a disclaimer to limit liability, according to Jewelers' Circular, December 1985. Wohlwend testified the Jewelers' Circular is "by far the most recognized journal" in the jewelry business.

Wohlwend performed the appraisal of Mulliken's two rings in 1985; however, Lewis signed the actual appraisal. Lewis stated he did not specifically remember the alexandrite ring. He also stated that he

had never personally appraised an alexandrite ring like the one stolen from Mulliken. Wohlwend admitted that based on the formula presented by Korst to determine weight of alexandrite, the alexandrite could have been 8.6 carats rather than his appraised estimate of 7.86 carats. Wohlwend testified that during his appraisal he called William Kennedy, an associate in New York, to get his opinion of current market conditions because, working in Bloomington, Wohlwend did not see many alexandrites.

The case was subsequently submitted to the jury on all three counts and the jury returned a verdict in favor of Mulliken and against defendants for $60,030, less the $15,500 already received by Mulliken from her insurance company. The court entered an order against defendants for $44,530 plus costs. Defendants filed a post-trial motion claiming the court erred by striking defendants' affirmative defense. The trial court denied the motion.

The trial court's order on the motion *in limine* barred the following language on the appraisal and any reference to such language:

> "This appraisal is neither an offer to buy or sell, nor does it assume any legal responsibility unless agreed upon by the appraiser in writing. We assume no obligation whatsoever, with respect to any action taken on the basis of this report."

■ Whether a contract exists, its terms, and the intent of the parties are *questions of fact* for the trier of fact. (*Emmenegger Construction Co. v. King* (1982), 103 Ill. App. 3d 423, 427, 431 N.E.2d 738, 742; *W.H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 93, 475 N.E.2d 273, 278; *South Shore Amusements, Inc. v. Supersport Auto Racing Association* (1985), 136 Ill. App. 3d 284, 287, 483 N.E.2d 337, 340.) When there is a factual dispute the question of whether a contract exists is for the jury to decide (*Commonwealth Edison Co. v. Industrial Comm'n* (1988), 167 Ill. App. 3d 229, 233, 521 N.E.2d 159, 162; *Hany v. General Electric Co.* (1991), 221 Ill. App. 3d 390, 397, 581 N.E.2d 1213, 1217), and extrinsic evidence is admissible to determine the intent of the parties (*Russell v. Jim Russell Supply, Inc.* (1990), 200 Ill. App. 3d 855, 867, 558 N.E.2d 115, 124; *Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 288, 565 N.E.2d 990, 994; *Farm Credit Bank v. Whitlock* (1991), 144 Ill. 2d 440, 447, 581 N.E.2d 664, 667). More specifically, whether an exculpatory clause is binding due to the circumstances surrounding its execution is a question of fact for the trier of fact to decide. *Erickson v. Wagon Wheel Enterprises, Inc.* (1968), 101 Ill. App. 2d 296, 302, 242 N.E.2d 622, 625; *Sexton v.*

*Southwestern Auto Racing Association, Inc.* (1979), 75 Ill. App. 3d 338, 340, 394 N.E.2d 49, 51.

Mulliken contends, and the trial court agreed, that the limitation of liability clause is not part of the parties' contract as a matter of law. (See *Bank of Benton v. Cogdill* (1983), 118 Ill. App. 3d 280, 288, 454 N.E.2d 1120, 1125; *Hany*, 221 Ill. App. 3d at 397, 581 N.E.2d at 1217; *Hicks v. Methodist Medical Center* (1992), 229 Ill. App. 3d 610, 613, 593 N.E.2d 119, 121.) Mulliken contends the contract was unambiguous and the trial court properly determined the issue even though "this fact situation involve[d] a substantial number of disputed oral terms." Because all the undisputed evidence on these points was before the court, Mulliken argues the terms of the contract were properly decided as a matter of law.

Defendants contend that whether the limitation of liability clause is part of the contract is a question of fact for the jury. Defendants argue the construction of the agreement in this case is dependent not only upon the meaning of the contract terms, but also upon the extrinsic facts and circumstances showing the intent of the parties.

There is no dispute regarding the meaning of the limitation of liability clause. There is also no dispute that the clause was on the appraisal given to Mulliken and that Mulliken paid $30 for the appraisal approximately one month after receiving the jewelry and appraisal from defendants. There is, however, a dispute over whether the limitation of liability language was a part of the contract, a written modification to the oral contract, or a valid counteroffer. Mulliken contends she did not know about the limitation of liability clause on the appraisal form. However, she should have known. The clause was on the appraisal form and she received the appraisal form prior to paying defendants for the appraisal. In addition, Mulliken testified that defendants had done all of her previous jewelry appraisals, including one as recent as 1982.

■ The trial court ruled as a matter of law the limitation of liability language did not constitute a part of the contract or a subsequent modification of the contract. In order for this to be. true as a matter of law, the contract terms must have been undisputed and unambiguous (*Russell*, 200 Ill. App. 3d at 867, 558 N.E.2d at 124; *Hany*, 221 Ill. App. 3d at 397, 581 N.E.2d at 1217), otherwise what constituted the terms of the contract would be a question of fact for the jury. It is difficult to imagine that an unambiguous oral contract was entered into between the parties at the time of the July 24 conversation, when there had been no discussion of the price or any other contract terms. There were questions of fact here for the jury to deter-

mine: when the contract came into existence, the intent of the parties, and the terms of the contract. These facts must be determined based on the parties' oral discussions, the appraisal form, defendants' bill, Mulliken's subsequent payment, the parties' course of dealing, and other relevant extrinsic evidence. (See *Erickson*, 101 Ill. App. 2d at 302, 242 N.E.2d at 625; *Emmenegger Construction*, 103 Ill. App. 3d at 427, 431 N.E.2d at 742; *Quake Construction*, 141 Ill. 2d at 288, 565 N.E.2d at 994.) The inferences to be drawn from those facts are also a question for the jury. (*Sherbrooke Homes, Ltd. v. Krawczyk* (1980), 82 Ill. App. 3d 990, 992, 403 N.E.2d 622, 624.) The question of whether the limitation of liability clause was a part of the contract is a question of fact to be determined by the jury.

■ Mulliken also contends the limitation of liability clause is invalid because it must be strictly construed against the party seeking to avoid liability. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 395, 493 N.E.2d 1022, 1029-30.) Mulliken claims the limitation of liability clause is invalid because it is extremely broad and vague, and because she had little opportunity to negotiate the terms of the contract. As a general rule limitation of liability clauses are enforced unless it would be against the settled public policy of the State to do so, or there is something in the social relationship of the parties militating against upholding the clause. (*Kubisen v. Chicago Health Clubs* (1979), 69 Ill. App. 3d 463, 467, 388 N.E.2d 44, 47; *Harris v. Walker* (1988), 119 Ill. 2d 542, 549-50, 519 N.E.2d 917, 920; *Falkner v. Hinckley Parachute Center, Inc.* (1989), 178 Ill. App. 3d 597, 602, 533 N.E.2d 941, 944.) There is no indication the trial court saw anything in the limitation of liability clause indicating that it should be invalid as against public policy, or saw anything based on the parties' relationship to hold the clause invalid as a matter of law. We decline to hold the clause invalid on that basis.

■ An aggrieved party cannot recover purely economic loss in a tort action. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88, 435 N.E.2d 443, 452.) A recognized exception to this rule provides that economic loss is recoverable where one who is in the business of supplying information for the guidance of others makes a negligent misrepresentation. (*Moorman*, 91 Ill. 2d at 88-89, 435 N.E.2d at 452; see also *Black, Jackson & Simmons Insurance Brokerage, Inc. v. International Business Machines Corp.* (1982), 109 Ill. App. 3d 132, 134, 440 N.E.2d 282, 283-84.) Defendants contend this case does not fit within the *Moorman* exception because the appraisal stated that defendants "assume no obligation whatsoever, with respect to any action taken on the basis of this report." We need not

decide whether a valid limitation of liability clause would take this case out of the *Moorman* exception. A valid limitation of liability clause would prevent liability in any event.

■ Defendants also contend that if Mulliken had received an alexandrite ring of such value it should have been listed by her mother either on her Federal estate tax return or a Federal gift tax return. The trial court did not allow the estate tax return (which did not list the ring) to go to the jury, determining the return was irrelevant to show the value of the alexandrite ring. Additionally, defendants contend that a 1946 jewelry appraisal listing the diamond and sapphire ring should have gone to the jury. Defendants believe the 1946 appraisal should have been admitted because it goes to impeach Mulliken's claim she could not produce the 1982 appraisal. Defendants argue that if Mulliken could produce the 1946 appraisal, then she should also be able to produce the 1982 appraisal in which she contends defendants first appraised the alexandrite ring.

In this case the estate tax return and the 1946 appraisal were at most marginally relevant. Where the evidence and the inferences sought to be drawn from the evidence are so vague or conjectural that they are not helpful in proving or disproving a matter in controversy, the evidence is not probative. (*Moore v. Swoboda* (1991), 213 Ill. App. 3d 217, 238, 571 N.E.2d 1056, 1070.) The determination of what is relevant and admissible is largely within the discretion of the trial court, and reversal of its decision is not warranted absent abuse of that discretion. (*Carlyle v. Jaskiewicz* (1984), 124 Ill. App. 3d 487, 496, 464 N.E.2d 751, 758.) Here, the trial court did not abuse its discretion in determining the Federal estate tax and 1946 appraisal were inadmissible.

For the foregoing reasons, the order of the circuit court of McLean County is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

STEIGMANN, P.J., and McCULLOUGH, J., concur.