LYDIA M. HOLLEY *et al. vs.* JOTHAM D. B. YOUNG, *appellant.*

Franklin, 1876.—October 5, 1876.

*Landlord and tenant.*

The complainants, by lease under seal, leased to the tenant certain described premises at a specified rate for a year, and then added the following words: "We further agree to lease to said Young, (the tenant) said premises situated in Farmington village at the price and conditions named as long as he wishes to occupy the same. The said Young agreeing to take good care of premises and not to suffer them to go to waste more than the natural use of the same."

*Held,* 1. That remaining in possession at the expiration of the year was an election that the tenancy was to continue.

2. That this was not to be regarded as an agreement for a lease, but that it operated as a lease upon the election of the tenant to remain.

Parol evidence is admissible to show that a lease relied upon was fraudulently obtained.

ON EXCEPTIONS.

FORCIBLE ENTRY AND DETAINER.

Writ dated May 7, 1875. It was admitted that the plaintiff, whose name before marriage was Lydia P. Mace, had a deed of the premises and gave the defendant thirty days notice to quit before commencing the suit.

The defendant introduced his lease under seal, signed by the plaintiff, Lydia P. Mace, and by her sister Sarah F. Mace, dated December 10, 1873, and stating as follows: "For and in consideration of seventy-five dollars, to be paid by Jotham D. B. Young in quarterly payments of every three months during the year, which we do hereby acknowledge, and we do hereby lease and let to said Young, the east half of our house and shed and the whole of the stable during the year 1874, and to give possession on the 1st day of January next. We further agree to lease to said Young said premises, situated in Farmington village at the price and conditions named as long as he wishes to occupy the same. The said Young agreeing to take good care of the premises and not to suffer them to go to waste more than the natural use of the same."

It was admitted that the defendant paid his rent as it became due, and that both parties recognized and acted under the provisions of the lease and that there was no breach of its conditions.

The plaintiff offered to prove by parol evidence, the circumstances under which the lease was obtained, for the purpose of attempting to show that there was fraud practiced upon her; but the court ruled that the lease must speak for itself, and that the evidence offered was not admissible.

The plaintiff obtained possession of the premises, the defendant vacating the same after the officer holding the writ of possession had notified him, that he, the officer, had such a writ for his removal and the plaintiff thereafterwards held the same.

The case was submitted to the presiding justice with right of exceptions. He ruled that the action could not be maintained; and the plaintiff alleged exceptions.

*H. L. Whitcomb*, for the plaintiff, contended that after the expiration of a year, the plaintiff had the right to terminate the lease by the thirty days notice; that by the terms of the lease, it expired with the year 1874; that while true it was there was an agreement to lease further, that was an agreement to be performed *in futuro;* that the remedy of the defendant, if any, was by an action for breach of contract or a suit in equity to compel a performance; and that fraud rendering every contract void whether verbal or in writing, the parol evidence showing fraud was erroneously excluded.

*S. C. Belcher*, for the defendant, claimed that the clause "we further agree to lease to said Young said premises, at the price and conditions named, as long as he wishes to occupy the same," was a lease, and that the defendant indicated his election to hold over after the expiration of the first year by remaining in possession and paying rent according to the conditions of the lease, and that the plaintiff, by accepting the rent, showed that she so understood, and waived any right to notice, if she was entitled to any; and cited to various propositions subordinate to this, the following cases: *Hallett* v. *Wylie*, 3 Johns. 44, 47; *Thornton* v. *Payne*, 5 Johns. 74; *Jackson* v. *Kisselbrack*, 10 Johns. 336; *Kramer* v. *Cook*, 7 Gray, 550; *Delashman* v. *Berry*, 20 Mich. 292.

APPLETON, C. J. This is an action of forcible entry and detainer. The tenants claim possession by virtue of a lease from the complainants under seal. The rights of the parties depend upon the construction to be given to its terms.

The lease is dated Dec. 10, 1873.   It leases and lets to the tenant certain premises therein described at a specified rent for one year.   Then follow these words :  "We further agree to lease to said Young said premises, situated in Farmington village at the price and conditions named as long as he wishes to occupy the same.   The said Young agreeing to take good care of the premises and not to suffer them to go to waste more than the natural use of the same."

The lease in question clearly describes the premises leased and the rent to be paid.   The tenant after the expiration of the year remained.   His so remaining is an election to continue the tenancy. "The question whether a written instrument is a lease, or only an agreement for a lease, depends," observes Ames, J. in *Kabley* v. *Worcester Gas Light Co.*, 102 Mass. 392, "on the intention of the parties to be collected from the whole instrument.  *Bacon* v. *Bowdoin*, 22 Pick. 401.   The form of expression 'we agree to rent or lease' is far from being decisive upon this question, and does not necessarily import that a lease is to be given at a future day.   On the contrary, those words may take effect as a present demise, and the words 'agree to let' have been held to mean exactly the same thing as the word 'let' unless there be something in the instrument to show that a present demise could not have been in the contemplation of the parties."  *Doe* v. *Benjamin*, 9 Ad. & El. 644.   In *Doe* v. *Ries*, 8 Bing. 178, Tindal, C. J., says, "*agrees to let* and *agrees to take*, have been held words of present demise from the case of *Goodtitle d. Estwicke* v. *Way*, 1 T. R. 735, to the present time."   In *Kramer* v. *Cook*, 7 Gray, 550, the contract was "to hold for the term of three years from the date hereof  .  .  .   and, at the election of the said Cook, for the further term of two years next after said term of three years, yielding and paying," &c.   "The provision in the lease," remarks Thomas, J. "is not a mere covenant of the plaintiff for renewal ; no formal renewal was contemplated by the parties.   The agreement itself is, as to the additional term, a lease *de futuro*, requiring only the lapse of the preceding term and the election of the defendant to become a lease *in presenti*.   All that is necessary to its validity is the fact of election."   In *Weed*

**v.** *Crocker*, 13 Gray, 219, the lease was of a mill on certain terms and conditions for the space of ten years, and it was further added therein that "at the termination of the lease said Crocker is to have the right of renewing said lease for five years, giving to said Weed or his assigns three months previous notice." This was held not an agreement for a lease, but a lease. These views are clearly and fully affirmed in *Sweetser* v. *McKenney*, 65 Maine, 225.

The tenant was to go into possession of the premises under the lease for a year, and he did. Being in possession under the lease, it could not have been the expectation of the complainants that he should quit possession and take a new lease and then enter under such lease. The parties must have intended that the occupation of the tenant should continue as long as he should wish to occupy the premises leased.

The plaintiff offered to show by circumstances attending the giving of the lease, that it was fraudulently obtained. This evidence was erroneously excluded by the justice presiding.

*Exceptions sustained.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.