## FRANCESCO CAITO vs. VINCENT J. FERRI.

MAY 5, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Landlord and Tenant. Renewal of Lease. Extension of Lease. Election to Renew.*

A lease provided that lessee should have an option for a renewal for a further term and that if lessee "should ask for a renewal at the termination of five years from the date hereof, the conditions governing the extended period shall be the same with the exception" of the rent, and also provided that upon failure of lessee to pay any installment of rent within five days after the first of the month lessor should be at liberty to take immediate possession of the premises. Lessee two days after the original termination of the lease stated orally to lessor that he wished to renew the lease for the further period:—

*Held,* that the only act that lessee was required to do was an election to continue the tenancy which he was not called upon to make prior to the termination of the lease, and a fair construction of the lease gave lessee a reasonable time after the termination of the lease to make such election, and the election within two days was within a reasonable time.

*Held,* further, that the election was not required to be in writing.

*Held,* further, that the agreement was one for the extension of the original lease rather than for a renewal of a lease to be evidenced by a new lease, although the option was expressed to be a renewal.

(2) *Landlord and Tenant. Extension of Lease.*

Where a lease provided for its extension at option of lessee, the tenant having made his election holds the premises for the full term under the original lease.

TRESPASS AND EJECTMENT. Heard on exceptions of plaintiff and overruled.

STEARNS, J. The action is trespass and ejectment to recover possession of certain premises on Atwell's avenue in Providence.

Defendant maintained a drug store on the premises and held the same under a written lease for a period of five years from November 1, 1916 to November 1, 1921. Plaintiff, the owner of the premises, bought the same in 1920 subject to the lease. By the terms of the lease it was provided that the lessee should have an option for a renewal of the lease for a further term of five years subject to the condition specified therein. The lease also contains the following

clause: "Should said lessee ask for a renewal of this lease at the termination of five (5) years from the date hereof as hereinbefore stated, the conditions governing the extended period shall be the same with the exception that the rent therefor, shall be six hundred ($600) dollars per year payable in equal monthly payments of fifty ($50) dollars each in the same manner as aforesaid." The rental was $540 a year, payable in equal monthly instalments on the first business day of each month and it was further provided that upon failure of the lessee to pay any instalment within five days after the first of the month, the landlord, without making any demand for the rent, should be at liberty to enter upon the premises, declare the lease at an end and take immediate possession of the premises. There was also the usual covenant that the lessee at the expiration of the lease would quietly and peaceably surrender possession of the premises.

On the 3rd of November, 1921, defendant went to plaintiff's house and stated to plaintiff that he wished to continue as a tenant in the store for the further period of five years. Plaintiff refused to permit this and claimed that defendant should have given notice of his election to continue not later than November 1st, and that the notice given was too late. On the following day, November 4, defendant tendered to plaintiff $50 in payment for his rent for November. Plaintiff refused to receive the rent and served written notice upon defendant to quit on or before December 1st. The claim is that defendant having failed to give the required legal notice of his election, the landlord was entitled to treat him as a trespasser.

At the conclusion of the testimony, the trial justice, on motion made, directed a verdict for the defendant. Plaintiff's exception to this action is the sole question now raised by his bill of exceptions.

The lease contains all of the terms of the agreement between landlord and tenant for the tenancy for five years and for the subsequent tenancy. To entitle the tenant to the additional term of years but one act was required on his

part, namely, an election to continue his tenancy, which was not required to be made in writing. As the election was to be made at the termination of the lease the lessee could not be called upon to make an election prior to the termination of the lease. Neither do we think it was the intent of the parties to restrict the right of the tenant to elect, to the precise hour of the termination of the lease. By the terms of the agreement the termination of the lease was to precede in point of time the election by the tenant. As the tenant was to have some time in which to elect, and as the length of this period is not expressly provided for, a fair construction of the agreement is that it was the intent of the parties that the tenant was to have a reasonable time after the termination of the lease in which to make his election, and in the circumstances we think the election within two days was made within a reasonable time. The landlord had made no inquiries in regard to the tenant's intentions; the tenant was carrying on his business as usual and continued to do so. He was bound to pay his rent within five days, under penalty of losing his lease. By the terms of the lease the tenant covenanted to surrender possession to the lessor at the expiration of the lease. If he had remained in possession for any considerable length of time without notice to the landlord, it might perhaps fairly be argued that the landlord could properly consider such conduct as an election by him to continue as a tenant according to the terms of the agreement rather than in violation of the agreement. The agreement is one for the extension of the original lease rather than for a renewal of a lease to be evidenced by a new lease. It provides for the continuance of an existing and established relationship between the parties rather than for the creation of a new relationship. It is true that the option is expressed to be a renewal but it is also provided that should the lessee ask for a renewal the conditions governing the *extended* period shall be the same with the exception of the specified change (2) in rental. As this is an extension of the tenancy at the

option of the lessee, the tenant having made his election, holds the premises for the full term under the original lease. 1 Taylor Landlord & Tenant, 406; 16 R. C. L., §. 389, and cases cited; *Holley* v. *Young*, 66 Me. 520; *Delashman* v. *Berry*, 20 Mich. 292.

Plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Benjamin W. Grim*, for plaintiff.
*Pettine & De Pasquale*, for defendant.