**H. H. Hall Construction Company, a Corporation, Plaintiff-Appellee, v. Employers Mutual Liability Insurance Company of Wisconsin, Defendant-Appellant.**

Gen. No. 63–F–25.

Fourth District.

September 10, 1963.

Wagner, Conner, Ferguson, Bertrand & Baker, of East St. Louis (Bernard H. Bertrand, of counsel), for appellant.

Walker & Williams, of East St. Louis, and Otto R. Erker, of Maplewood, Missouri, for appellee.

HOFFMAN, JUSTICE.

Defendant, Employers Mutual Liability Insurance Company of Wisconsin, appeals from a judgment in the sum of $7,723 entered against it by the trial court in favor of plaintiff. Plaintiff had sued to recover attorneys fees incurred in defending a lawsuit brought against it by American Zinc Company of Illinois.

After a trial without a jury, the trial court, in the present case, held for the plaintiff. Defendant contends that the finding of the trial court was against the manifest weight of the evidence.

The real issue involved in the proceedings was whether or not the plaintiff had complied with the provision of a liability insurance policy issued to it by the defendant. The policy contained a clause which required the insured to give notice of an accident "as soon as practicable."

The facts giving rise to the present suit were these. While the liability policy was in force, plaintiff leased a crane to Mueller Erection Company for use by it on property of American Zinc Company. While the crane was lifting a tank, it came loose and damaged a pump house belonging to American Zinc. The damage to the property occurred on February 19, 1952.

At the trial, the president of the plaintiff company gave some evidence that shortly after the accident his firm may have received a call that there had been some trouble on the American Zinc property. A week after the accident, the crane operator talked to the president of the plaintiff company about the occurrence.

Under date of July 24, 1952 Liberty Mutual Insurance Company, which carried insurance on Mueller,

wrote to plaintiff advising of the claim that had been filed against Mueller Erection for the damages. The letter suggested that plaintiff should refer the matter to its insurance carrier so that, ". . . we may work with them in moving this claim toward a satisfactory conclusion for both your company and our insured, the Mueller Erection Company, Inc." Plaintiff referred the letter to its attorney who wrote Liberty Mutual, informing it that plaintiff company had leased the crane to Mueller, that plaintiff was not represented on the job, had no employee on the job, and that, therefore, there was no liability in the premises on plaintiff.

No claim was ever made against plaintiff by American Zinc Company, as it made its claim against Mueller and its insurance company, Liberty Mutual. Liberty Mutual paid the claim for its insured Mueller and then, in the name of American Zinc, filed suit on June 15, 1955 against plaintiff. Summons was served on plaintiff and plaintiff's attorney contacted the defendant insurance company through its office in St. Louis. The St. Louis office advised that the summons be sent to the Chicago office, and this was done in October of 1955, after plaintiff's attorney had obtained several extensions of time in which to plead.

On November 25, 1955 defendant Employers Mutual wrote and denied coverage on the grounds that it was never notified of the accident within the terms of the policy. Plaintiff therefor proceeded to trial employing its own attorneys. In that suit, plaintiff was successful but incurred legal expenses for which the present suit was brought.

The policy in force contained the following clause:

"5. Notice of Accident, Claim or Suit. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice

64

shall contain particulars sufficient to identify the insured and also reasonably obtainable information regarding the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representatives."

The policy then provided, in substance, that no action should be brought against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy.

Under the facts as outlined, the defendant insurance company contends that plaintiff failed to comply with a condition of the policy, as it was not notified until 3 years and 8 months after the occurrence, and 4 months after suit was filed. In so contending, defendant cites and relies heavily on Allstate Ins. Co. v. Hoffman, 21 Ill App2d 314, 158 NE2d 428. There a suit was filed for a declaratory judgment to determine the liability of an insurance carrier. The named insured was driving a National Guard truck at the time of the accident. At the time, the insured had a policy of his own. The insurance company sought to determine whether the accident was within the coverage afforded by the policy and whether the insured had given proper notice as provided for in the policy.

As the facts developed, it appeared that the insured did not know that his policy might cover the accident, but that he had reported the occurrence to his superior officer at the time it occurred. An investigation had been made by the officers of the National Guard and by the Attorney General's office and the results of the investigation were made available to the insurance company. The Appellate Court held that there was no

coverage under the policy as the occurrence came within the exclusion provision of the policy. The court went on further, however, and stated that the insured had also breached the provision of his policy which required notice to be given "as soon as practicable." In substance, the court held that the insured's conclusion that he had no coverage was not an excuse for the long delay in giving notice.

Defendant also cites the Illinois cases of Country Mut. Cas. Co. v. Van Duzen, 351 Ill App 112, 113 NE2d 852, and Stollery Bros., Inc. v. Inter-Insurance Exchange of Chicago Motor Club, 15 Ill App2d 179, 145 NE2d 768.

In the Country Mutual Cas. Co. case, the insured was involved in the accident, the same as in the Allstate case, and the court held that 6 months failure to give notice of an accident plus failure to notify of change of cars, was sufficient to relieve the insurance carrier of any obligations. The Stollery Bros., Inc. case involved a default judgment and a subsequent attempt to hold the insurance carrier. No notice had been given to the company at all in a case where the insured himself did the damage.

On the other hand, plaintiff calls our attention primarily to Hoffman and Klemperer Co. v. Ocean Acc. & Guar. Corp., 292 F2d 324 (7th Circuit) where the court affirmed the Northern District Court of Illinois. The suit was for a declaratory judgment and the insurance company urged that it had not been given reasonable notice of the accident. The injured party first sued another firm, but 18 months after the accident, the insured was made an additional party defendant. The trial court held that timely notice had been given. The Court of Appeals pointed out that timeliness of notice must be determined by the trier of facts from all facts and circumstances of the case. It refused to hold that the district court finding was clearly erroneous.

66

The situation before us here is similar to that in the Hoffman and Klemperer Co. case. The trial court has made a finding of timely notice, and before we can reverse his finding, we must hold that it was clearly erroneous. That we might differ is not alone sufficient, because if reasonable minds could arrive at different conclusions, then we must, on appeal, accept the finding of the trial judge.

In 18 ALR2d at page 443 appears an annotation titled "Liability insurance: clause with respect to notice of accident or claim, etc. or with respect to forwarding suit papers." There, the subject matter is covered in its various aspects. The editors have summarized the general principles and state on pages 448 and 449.

> "However, in most instances in which a delay in giving notice and forwarding suit papers occurred the insured offered some sort of excuse or explanation for the delay. Generally speaking, the following excuses have been held acceptable provided the insured showed due diligence in his actions:—where the insured, *acting as a reasonably prudent person,* believed that he was not liable for the accident."

Again, in Section 21 of the annotation, page 472, the editors conclude in supplementing an earlier annotation:

> "The later cases on this point support the general rule that the insured may be excused for a delay or failure to give the required notice where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident."

The rule requiring the insured to act only as a reasonably prudent person seems to us to have a great

deal of merit. Where an insured isn't directly involved as a participant in the loss sustained, any other standard imposed on his conduct would be unrealistic.

Whether the insured acted as a reasonably prudent person is a question of fact. Here he saw no liability and was so advised by his attorneys. It later proved to have been accurate advice, as he won in the suit brought against him. This, in our opinion, is sufficient evidence to support the trial court's finding of timely notice. We are not able to say such finding was clearly erroneous.

Affirmed.

CULBERTSON, PJ and SCHEINEMAN, J, concur.