THE FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Plaintiff-Appellee, *v.* GASTON HAMILTON *et al.*, Defendants.—(JOHN HOGAN, Defendant-Appellant.)

(No. 74-32; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—August 14, 1975.

*Supplemental opinion upon denial of rehearing September 26, 1975.*

Harris and Lambert, of Marion, for appellant.

Fowler & Novick, of Marion, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The plaintiff-appellee, The Farmers Automobile Insurance Association, filed suit for declaratory judgment against Gaston Hamilton, defendant, and John Hogan, defendant-appellant, denying liability under a certain homeowner's policy of insurance arising out of a shooting incident. The court granted appellee's motion for summary judgment, finding that appellee was not liable under its homeowner's policy of insurance issued to Hamilton; only Hogan has appealed.

The complaint for declaratory judgment alleges that on February 7, 1970, Gaston Hamilton "assaulted" John Hogan, the appellant by shooting him and that 1 year later, the appellant filed a law suit against Gaston Hamilton seeking damages as a result of the shooting. A homeowner's policy had been issued by the appellee to the defendant, Hamilton, and the policy was in effect at the time of the shooting on February 7, 1970. On February 12 or 13, 1971, Hamilton notified appellee's agent by telephone that he had been served with a summons and requested the agent to notify the insurance company of the law suit. In the telephone conversation with the agent, Hamilton said that the law suit was based on an occurrence at his home over a year ago in which he had shot the appellant.

The policy issued by the appellee contained the following provision:
"In the event of an accident or occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with reference to the time, place, and circumstances thereof, and the names and addresses of the

injured and of available witnesses, shall be given by or for the insured to this Company or any of its authorized agents as soon as practicable.

No suit or action shall lie against the company unless: (1) as a condition precedent thereto there has been full compliance with all of the provisions and stipulations of this policy * * *."

The appellee's motion for summary judgment included affidavits from five of its employees, the discovery deposition of the insured, Hamilton, the discovery deposition of Fred Claunch, the insurance agent who sold the policy to Hamilton, and the answer of Hamilton to appellant's complaint. Appellant maintains that the instant case involves a question of fact, and that there was conflicting evidence presented by the depositions and affidavits of the appellee. He further contends that certain circumstances explain the late notice given by Hamilton, and that the general agent (Claunch) of appellee had knowledge of the occurrence. The appellant did not controvert appellee's affidavits or file any counter affidavits.

■■ It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to the jury, and the court would be required to direct a verdict, then a summary judgment should be entered. (*Fooden v. Board of Governors*, 48 Ill.2d 580; *People ex rel. Sharp v. City of Chicago*, 13 Ill.2d 157; *Shirley v. Ellis Drier Co.*, 379 Ill. 105.) The principles applicable to a motion for summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57) are well defined, and the application of these principles are discussed in trenchant and convincing language by the court in *Ruby v. Wayman*, 99 Ill.App.2d 146, 150. The court stated that, "[t]he only function of the court, when presented with a motion for summary judgment, is to determine if a genuine issue exists as to a material fact; if not, summary judgment is proper; if so, summary judgment is improper, as the court may not summarily determine a material fact issue." However, in determining if there is a genuine issue, inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts, then a triable issue exists. *Peirce v. Conant*, 47 Ill.App.2d 294.

■■ Notice to the insurer "as soon as practicable" after an accident means notice within a reasonable time, dependent upon all the facts and circumstances—essentially a question of fact unless the facts and inferences to be drawn from them are not in dispute. *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill.2d 318.

In *City of Chicago v. United States Fire Insurance Co.*, 124 Ill.App.2d 340, 346, the court stated:

> "The subject of excuses for delayed notice in insurance liability cases was extensively reviewed at 18 ALR2d 470. We learn there that courts have, on occasion, excused a late notice where the insured was ignorant of the accident or injury; where the insured, acting as a reasonable man, believed that he was not liable; where, due to the trivial nature of the occurrence, the insured believed no claim would be filed; or where the insured, acting as a reasonably prudent person, believed that the accident was not covered by the policy."

We believe that the instant case clearly comes within one of the exceptions stated above, namely, where the insured, acting as a reasonably prudent person, believed that the incident was not covered by the policy. ■■ There is authority for the proposition that notice is not required until such facts have developed as would suggest to a person of ordinary and reasonable prudence that liability might arise; and the requirement of notice is met by advising the insurer within a reasonable time after the injury presents aspects to a possible claim for damages. (*Star Transfer Co. v. Underwriters of Lloyds*, 323 Ill.App. 90; *H.H. Hall Construction Co. v. Employers Mutual Life Insurance Co.*, 43 Ill.App.2d 62.) The rule has been generally recognized. See cases collected in Annots., 18 A.L.R. 2d 443, 474 (1951); 39 A.L.R. 3d 593 (1971).

The discovery deposition of Hamilton, the insured, which was filed in the court with the motion for summary judgment, indicated that the insured was 69 years of age at the time of the shooting. He further stated that he did not know that he had the duty of notifying his insurance company of the occurrence. Hamilton further testified that he did know after the shooting that Hogan, the appellant, had sustained an injury but that he did not know that his homeowner's policy covered that particular occurrence. The appellee acknowledges that it immediately received notice from its insured when suit was filed against him. Even though the notice was not in writing, appellee had the insured execute a "NON-WAIVER AGREEMENT" and then employed counsel to defend its insured in the suit filed by the appellant, Hogan.

It is apparent that the insured did not believe that his shooting of Hogan was an occurrence which would bring him within the provisions of the policy supplied by the appellee. It is understandable that the insured would believe his policy would not protect him if he shot and injured a person, even though the occurrence was on his own property. Criminal proceedings were instituted against the insured as a result of

the shooting, and he obtained counsel to represent him. It is thus reasonable to assume that if he thought a "home-owners" policy would protect him in a civil matter wherein he did the shooting, he would have notified his insurance agent. The occurrence which is the subject of this law suit is not the same as an automobile accident covered by a typical insurance policy. The law is clear on the question of notice under the average automobile liability insurance. However, a home-owners policy as issued by the appellee requires some study as to its various provisions. In fact there is some question as to whether or not the insured's actions come under the intentional act exclusions found on page 4 of the policy; however, this question is not before us under the present posture of this appeal. This section relates to bodily injury which is either expected or intended from the standpoint of the insured, and is listed under exclusions.

■■ We believe that entry of the summary decree was improper. Whether or not the insured gave notice to the insurer as soon as practicable after the occurrence means notice within a reasonable time, dependent upon all the facts and circumstances. Considering all the evidence that was produced by the appellee in the instant case in the form of affidavits, depositions and pleadings which were not controverted by appellant, we hold that the entry of summary judgment for the appellee was error. Where there is a written contract and extrinsic facts are free from dispute, construction of the contract is a question of law not fact (*Rosenbaum Bros. v. Devine*, 271 Ill. 354). Appellant made no motion for summary judgment, however, and we are not called upon to decide whether the facts and reasonable inferences to be drawn therefrom would support summary judgment in his favor on the question of notice.

The summary judgment entered in favor of the appellee is reversed and the cause remanded to the trial court of Williamson County with directions to dismiss the complaint for declaratory judgment.

Reversed and remanded with directions.

G. MORAN and KARNS, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE CARTER delivered the opinion of the court:

It has been brought to our attention by the petition for rehearing filed by plaintiff-appellee that the action for declaratory judgment raised other defenses to coverage under the insurance policy which were not raised or passed upon by the trial court and therefore are not properly before us on appeal. However, the effect of our original decision was to dis-

miss plaintiff-appellee's complaint for declaratory judgment while other matters remained for disposition. This we did not intend.

■■ Our opinion is therefore modified to hold that summary judgment entered by the Circuit Court of Williamson County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

The petition for rehearing is denied.

G. MORAN and KARNS, JJ., concur.