(No. 47969.—

THE FARMERS AUTOMOBILE INSURANCE ASSOCIA-
TION, Appellant, v. GASTON HAMILTON *et al.*—
(John Hogan, Appellee.)

*Opinion filed September 20, 1976.*

August L. Fowler, of Fowler & Novick, of Marion, for appellant.

William H. Wilson, of Harris and Lambert, of Marion, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant John Hogan (hereafter defendant) appealed from the judgment of the circuit court of Williamson County entered upon allowance of plaintiff's, The Farmers Automobile Insurance Association's, motion for summary judgment in its action for declaratory judgment. The appellate court reversed (31 Ill. App. 3d 730), and we allowed plaintiff's petition for leave to appeal.

In its complaint for declaratory judgment, plaintiff alleged that defendant had filed suit against Gaston Hamilton, its insured under a homeowner's policy, to

recover damages for personal injuries suffered as the result of Hogan's being shot by Hamilton. The shooting occurred on February 7, 1970, and the suit was filed on February 8, 1971. Although admittedly the homeowner's policy was in force and effect at the time of the shooting, plaintiff alleged that it was not obligated to defend Hamilton or pay any judgment recovered by defendant for the reason that it received no notice of the occurrence for more than a year, and that in failing to give notice Hamilton breached the following provision of the policy:

"In the event of an accident or occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to this Company or any of its authorized agents as soon as practicable."

It alleged that compliance with the foregoing provision was "a condition precedent to plaintiff's liability under said policy."

Relying upon an "exclusion" which provided that "[t]his policy does not apply *** to bodily injury or property damage which is either expected or intended from the standpoint of the Insured," plaintiff alleged further that the policy specifically excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured" and that the injury allegedly sustained in said occurrence "was, from the standpoint of *** Gaston Hamilton [plaintiff's insured] expected, or intended, or both expected and intended." Plaintiff alleged that it was defending the action brought by defendant against Hamilton under a reservation of rights.

Plaintiff moved for summary judgment and in support of the motion filed the affidavits of the agent who had written the policy, the manager of its Mt. Vernon branch, its claims adjuster, and its assistant district claims manager,

and the discovery deposition of its insured, Hamilton. It appears from the affidavits and the deposition that Hamilton did not give plaintiff notice of the occurrence until he was served with summons shortly after February 8, 1971. It also appears that Hamilton did not know that the occurrence out of which defendant's claim arose was covered under the policy.

The circuit court found that there was no genuine issue as to any material fact and allowed plaintiff's motion for summary judgment. The appellate court, noting that Hamilton had stated in his discovery deposition that he did not know that the homeowner's insurance policy covered the occurrence, held that where the insured, acting as a reasonably prudent person, believed that the occurrence was not covered by the policy, delay in giving notice may be excused and that the record showed that there existed a question of fact whether the delay in giving notice was excusable.

Plaintiff contends that the appellate court erred and argues that "The policy required *'written notice.'* Under the pleadings, whether *written* notice had been given was a material fact. On this material fact there is no dispute. The effect of the Appellate Court opinion is to delete the word 'written' from the policy. This the Court cannot lawfully do." It is defendant's position that the question whether Hamilton gave notice of the shooting "as soon as practicable" is one of fact, dependent upon the circumstances, and that there also exists a genuine issue of fact whether Hamilton's belief that the occurrence was not covered by the policy was reasonable.

In *Econo Lease, Inc. v. Noffsinger,* 63 Ill. 2d 390, 393, we said: "A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher*

*& Co.*, 57 Ill. 2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist." In *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill. 2d 278, which involved a notice provision similar to that contained in plaintiff's policy, we said:

> "Provisions in policies stating when the insurer must be notified of a covered occurrence have generally been interpreted to require notification of the company within a reasonable time, considering all the facts and circumstances of the particular case. Decisions illustrating this general holding include *Walsh v. State Farm Mutual Automobile Insurance Co.*, 91 Ill. App. 2d 156; *Hoffman & Klemperer Co. v. Ocean Accident & Guaranty Corp.* (7th Cir. 1961), 292 F.2d 324; see also 18 A.L.R.2d 443, 448 (1951).
>
> Couch's comment on the term used in the policy here for the time of reporting, 'As soon as is practicable' is: ' "As soon as practicable" in a policy covering liability for personal injury and property damage means within a reasonable time, and what is a reasonable time depends upon the facts and circumstances of the case.' 13 Couch on Insurance 2d sec. 49:328 (1965); see also 2 Long, The Law of Liability Insurance sec. 13.09 (1974)." 58 Ill. 2d 278, 281-82.

It was Hamilton's duty to give timely notice to plaintiff of any occurrence of injury which would suggest to a reasonably prudent person that a claim for damages might be asserted for which coverage might be provided under his homeowner's policy. (*Century Indemnity Co. v. Serafine* (7th Cir. 1963), 311 F.2d 676.) Whether Hamilton, acting under the belief that the occurrence was not covered by the policy, acted as a reasonably prudent person in not giving notice until he was served with summons was a question of fact. *City of Chicago v. United*

*States Fire Insurance Co.,* 124 Ill. App. 2d 340 (see also Annot., 18 A.L.R.2d 443, 478 (1951)).

We have noted that in its complaint plaintiff alleged that, under the provisions of the policy, coverage for the shooting was excluded for the reason that the injury to defendant was "either expected or intended from the standpoint of the insured." Although Hamilton's expectations or intentions may not necessarily be issues in defendant's action against him (see *Atchison v. Dullam,* 16 Ill. App. 42; *Koclanes v. Hertenstein,* 130 Ill. App. 2d 916; 26 A.L.R.3d 561), the circuit court properly made no finding on this allegation. (*Maryland Casualty Co. v. Peppers,* Docket No. 47755.) Parenthetically we note that the assertion of the exclusion demonstrates further that there is a fact question whether Hamilton, shown by his deposition to be a retired pipe fitter, while acting as a reasonable person, would not know that coverage was afforded under the policy.

We hold that this record failed to show that there was no genuine issue of any material fact and that the circuit court erred in granting plaintiff's motion for summary judgment. The judgment of the appellate court is affirmed.

*Judgment affirmed.*