E. R. STULL, Plaintiff-Appellant, *v.* J. ELLIS HICKS, Defendant-Appellee.

Fifth District   No. 77-246

Opinion filed April 25, 1978.

Philip C. Zimmerly and James M. Langan, both of Champaign, for appellant.

C. Michael Witters, of Mt. Carmel, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, E. R. Stull, appeals from the judgment of the Circuit Court of Montgomery County, granting the motion of the defendant, J. Ellis Hicks, for summary judgment.

In his complaint for damages for breach of contract, the plaintiff alleged that the defendant, J. Ellis Hicks, had refused to perform an option of resale of securities held by the plaintiff by virtue of a contract executed by the parties some 10 years earlier. The question presented is whether the option, requiring the defendant to repurchase the securities

in question, was timely exercised. The trial court found as a matter of law that no genuine issue of fact was presented, denied plaintiff's motion for judgment on the pleadings and entered summary judgment for defendant.

The underlying facts of the instant cause are not in dispute. On June 24, 1966, the plaintiff and defendant entered into a written contract for the exchange of certain securities whereby plaintiff received 5,000 shares of stock of Security Savings & Loan Association of Hillsboro, Illinois, and the defendant received 25 shares of stock in the First National Bank of Sumner, Illinois. The option to resell, given to the plaintiff as additional consideration for the exchange and contained in the second clause of the written agreement, provided:

> "It is further agreed that the first party, [Defendant] will purchase from second party [Plaintiff] the original Five Thousand (5,000) shares of Security Savings and Loan stock for $50,000 ten years from date, providing that second party wishes to sell the original stock of said association at that time."

On August 12, 1976, the plaintiff, by a letter to the defendant, demanded performance in accordance with the above-quoted paragraph. According to the defendant, this letter was the first communication or correspondence from the plaintiff in the nature of a demand notwithstanding the plaintiff's recitals in his affidavit that he had made several attempts to reach the defendant by phone and in person during June, July and August, 1976.

The parties are in agreement that the question presented on this appeal is one of law and turns on the meaning of the second clause of the written agreement between the parties. Thus, we are asked to determine the meaning of the defendant's agreement to repurchase the Security Savings & Loan stock "ten years from date" if the plaintiff wishes to sell "at that time."

■■ An option is an agreement by which one binds himself to perform a certain act, usually for a stipulated price within a designated time, at the sole power and discretion of the optionee to accept upon the terms specified at which time it is converted from a unilateral contract into a bilateral contract. (*Johnson v. Whitney Metal Tool Co.*, 342 Ill. App. 258, 96 N.E.2d 372 (2d Dist. 1950).) It is the defendant's position that the language of the agreement pertaining to the option to resell is clear and specific, calling for the repurchase of the stock on, or at least not later than a day certain, *i.e.*, June 24, 1976. The defendant contends that time is of the essence in an option contract and, thus, the plaintiff was bound to undertake the exercise of the option within the time specified therein, that being 10 years from the date the agreement was executed. Therefore, it is the defendant's view that summary judgment was properly granted as it is

undisputed that the plaintiff's demand was approximately six weeks after the expiration of the 10-year term.

■■ We agree with the defendant that time is of the essence in an option contract. However, we note that in determining the meaning of the terms of the option pertaining to notice and acceptance a court is to ascertain the intent of the parties from the instrument "in the light of the language employed and the surrounding facts and circumstances attendant upon the transaction." (*Northern Illinois Coal Corp. v. Cryder*, 361 Ill. 274, 284, 197 N.E. 750, 755 (1935).) In this regard, the plaintiff asserts that the obvious intent of the parties, ascertainable from the instrument, is that he would have the opportunity to resell the stock on or after the 10th anniversary of the agreement, not before the 10th anniversary date. The plaintiff contends that to rule that in the exercise of his option he was limited to a single day (June 24, 1976) would be an extremely strained and restrictive construction of the language used in the option clause.

■■ We are mindful of the fundamental principle that a court may not make a new contract for the parties or rewrite their contract under the guise of construction. (*Tel-Radio Transport Corp. v. Cantrell & Cochrane Corp.*, 43 Ill. App. 2d 84, 192 N.E.2d 584 (1st Dist. 1963).) However, we are of the opinion that a reasonable construction of the language in the option involved in the instant cause would dictate that it was the intent of the parties that the plaintiff would have a reasonable time after the expiration of the 10-year term in which to exercise his option to resell the stock. Our construction of the language in this manner is in accord with those views expressed by courts in other jurisdictions.

In *Davis v. Godart*, 131 Minn. 221, 154 N.W. 1091 (1915), where the contract provided that if the purchaser desired to relinquish land purchased at the end of one year from the date of the contract, the amount paid would be returned to him, it was held that the word "at" meant "after," thus allowing the purchaser a reasonable time after the expiration of the year to demand the return of his money. Similarly in *Caito v. Ferri*, 44 R.I. 261, 116 A. 897 (1922), a five-year lease which contained a renewal clause to be exercised by the lessee at the termination of the original term was held to be renewed upon a verbal request to renew made two days after the expiration of the original term. The *Caito* court held that as the lessee could not be required to elect to renew until the termination of the lease, and because it was not the intent of the parties to restrict the lessee in the exercise of the right to a precise hour, that a fair construction of the agreement would hold it to be the intent of the parties that the lessee would have a reasonable time after the termination of the lease in which to make his election to renew. In *Reitz v. Brouhard*, 198 Iowa 37, 199 N.W. 420 (1924), cited by the plaintiff, a stock repurchase agreement similar to that involved in the case at bar was

before the court for a determination of whether the election to resell the stock had been timely made within the terms of the agreement. The instrument provided that the vendor agreed to purchase the stock sold "four months from date" and the vendee's demand that the vendor repurchase the stock was not made until almost two months after the expiration of the four month period. After examining cases from other jurisdictions involving similar option agreements, the *Reitz* court concluded that the vendee was entitled to a reasonable time after the expiration of the four month period within which to exercise the option to resell the stock to the vendor.

■■ In the instant cause, whether or not the plaintiff exercised his option to resell the Security Savings & Loan stock within a reasonable time depends upon the facts and circumstances which we believe are adequately set forth in their affidavits and pleadings. Where, as here, there is a written contract and the extrinsic facts are free from dispute, construction of the contract is a question of law and not fact (*Rosenbaum Bros. v. Devine*, 271 Ill. 354, 111 N.E. 97 (1915); *Farmers Automobile Insurance Association v. Hamilton*, 31 Ill. App. 3d 730, 335 N.E.2d 178 (5th Dist. 1975), *aff'd*, 64 Ill. 2d 138, 355 N.E.2d 1 (1976).) In this regard, we are of the opinion that the plaintiff's exercise of his option to resell the stock to the defendant was made within a reasonable time and, thus, was timely made within the terms of the option. Accordingly, pursuant to our authority under Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)(5)) to enter any judgment or grant any relief which a case may require, we reverse the judgment of the Circuit Court of Montgomery County and remand this cause with directions that judgment be entered in favor of the plaintiff, E. R. Stull, and that a determination be made of the amount of damages due him as a result of the defendant's breach of contract.

Reversed and remanded with directions.

EBERSPACHER, P. J., and JONES, J., concur.