INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,

v.

John C. WALDROUP and Hazel L. Couch Dickerson, Defendants.

Civ. A. No. 78–4–ATH.

United States District Court, M. D. Georgia, Athens Division.

Nov. 22, 1978.

Harvey S. Gray, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for plaintiff.

Eugene W. Harper, Harper & Mathews, Hartwell, Ga., Jim Hudson, Hudson & Montgomery, Athens, Ga., for defendants.

OWENS, District Judge:

This declaratory judgment action is brought by the Insurance Company of North America (INA) seeking an adjudication that it is not obligated under a home owner's liability policy to defend further or pay any judgment against John C. Waldroup in a pending wrongful death action in the Superior Court of Madison County, Georgia. INA alleges that Waldroup failed to give notice "as soon as practicable" after the accidental shooting and resulting death of James Richard Couch which is the subject of the state court action. Mrs. Hazel L. Couch Dickerson, the plaintiff in the wrongful death action, has been made a party defendant in this action. INA answered the state court action for Waldroup and entered into a reservation of rights agreement with him. Subject matter jurisdiction is predicated upon diversity of citizenship of the parties, 28 U.S.C.A. § 1332, and the plaintiff has moved for summary judgment.

The facts are undisputed that on August 6, 1975, the plaintiff issued a standard home owner's policy naming Waldroup as the insured. The policy contained a notice requirement:

> In the event of *accident, occurrence, claim or suit* the insured shall: cause written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances, thereof, and the names and addresses of the injured and of available witnesses, to be given by or for the Insured to this Company or any of its authorized agents *as soon as practicable.* (emphasis added).

On November 2, 1975, while the policy was in force, Waldroup shot and killed James Couch at a location other than Waldroup's home. Waldroup gave no notice of the incident to INA until two years later on November 1, 1977, after the state court action was commenced on October 28, 1977. INA now argues that the notice was not "as soon as practicable" as a matter of law and that it has no duty to defend or pay since those duties are preconditioned upon timely notice of the occurrence.

The defendants' counter argument is two-fold. First they allege that the plaintiff's agents and employees had actual notice of the occurrence through newspaper and radio accounts of the accident. Secondly, they contend that whether or not notice was given "as soon as practicable" is a question of fact not to be decided on motion for summary judgment. As a justification or excuse for the two year delay, Waldroup argues that a reasonably prudent person could not have known that a home owner's policy would provide coverage for an accidental shooting occurring away from his home.

Even assuming that INA's local agents had actual knowledge of the accident from newspaper and radio sources, this knowledge does not satisfy the notice requirement of the policy. *See Buffalo Insurance Co. v. Star Photo Finishing,* 120 Ga. App. 697, 172 S.E.2d 159 (1969). The policy requirement that the insured cause written notice of an occurrence containing certain details be given to the insurer cannot be satisfied by a newspaper article from a casual source. Therefore the newspaper and radio accounts, even if read or heard by the plaintiff's agents, do not satisfy the notice requirement.

Timely notice to the insurer of a claim or occurrence is a condition precedent to the insurer's duty to defend or pay. *See Richmond v. Georgia Farm Bureau Mut. Ins. Co.,* 140 Ga.App. 215, 231 S.E.2d 245 (1976). In order to divest itself of the duty to defend or pay, the insurer need not show prejudice from the delay in receiving notice of the occurrence; however, the passage of

time alone does not warrant a judgment in the insurer's favor where the insured has a reasonable excuse or justification for the delay. *See Richmond, supra; Norfolk & Dedham Mut. Fire Ins. Co. v. Cumbaa,* 128 Ga.App. 196, 196 S.E.2d 167 (1973). Georgia courts have, nevertheless, held, on motion for summary judgment, that an insurer need not defend or pay any judgment because notice was not given "as soon as practicable" in instances where the notice, when finally transmitted, was more prompt than in this case. *See Richmond, supra.* (Eight month delay between occurrence and notice); *Erber v. INA,* 134 Ga.App. 632, 215 S.E.2d 528 (1975) (22 month delay); *Edwards v. Fidelity & Casualty Co.,* 129 Ga. App. 306, 199 S.E.2d 570 (1973) (five month delay held unreasonable). Therefore, in this case the delay in giving notice alone is sufficient under Georgia law to warrant the legal conclusion that the notice was not "as soon as practicable" in the absence of a reasonable excuse or justification. As an excuse for his delay in giving notice, Waldroup states that the first time he realized that the policy might cover the incident was when he consulted an attorney after being served with the complaint in the wrongful death action. Thereafter he promptly forwarded the complaint to the plaintiff. Georgia decisions are silent as to whether or not the insured's ignorance of coverage of a particular occurrence is a valid excuse or justification for his failure to give timely notice; however, other jurisdictions have recognized such an excuse. *See Annot.* 18 A.L.R.2d 443, § 23 (1951).

The Illinois Supreme Court has addressed the question on substantially the same facts as presented here. In the Illinois case the insured was sued by a person whom the insured had allegedly shot and injured in his home. Like Mr. Waldroup, the insured did not notify his home owner's insurance carrier of the occurrence until a civil suit was commenced, one year after the shooting. The insurance company brought a declaratory judgment action and moved for a summary judgment on the question of whether or not the insured had given notice "as soon as practicable." In opposing the motion the insured maintained that he did not and could not reasonably know that the shooting incident was covered by the policy. The Supreme Court of Illinois affirmed the denial of the insurance company's motion for summary judgment.

It was Hamilton's [the insured] duty to give timely notice to plaintiff of any occurrence of injury which would suggest to a reasonably prudent person that a claim for damages might be asserted for which coverage might be provided under his homeowner's policy. (citation omitted) Whether Hamilton, acting under the belief that the occurrence was not covered by the policy, acted as a reasonably prudent person in not giving notice until he was served with summons was a question of fact. (citations omitted).

*Farmers Automobile Ins. Ass'n v. Hamilton,* 64 Ill.2d 138, 142, 355 N.E.2d 1, 3 (1976). In the instant case the proffered excuse is even more compelling than in the *Hamilton* case since the shooting occurred away from the insured's home. This court believes that the foregoing rule comports with Georgia law that an insured may offer an excuse or justification for delay in giving notice. It further comports with the standard set forth in *United Services Auto. Ass'n v. Middleton,* 77 F.R.D. 660, 661 (N.D.Ga.1978), that "[w]hat is 'as soon as practicable' for reporting an accident to the insurer depends on facts and circumstances of the case, measured by an objective standard from the viewpoint of the ordinary policy holder."

There being a question of fact as to whether or not notice was given to the plaintiff "as soon as practicable" under the circumstances, the plaintiff's motion for summary judgment is DENIED.